A01A0603. TAYLOR v. THE STATE.
(546 SE2d 20)

PHIPPS, Judge.
Based on allegations that he struck Joyce McClendon and Terry Roberson with a metal pipe, John Paul Taylor was indicted for two counts of aggravated assault. The jury found Taylor guilty of aggravated assault on McClendon but not on Roberson. His motion for new

trial was denied, and he appeals. He charges the trial court with error and his trial counsel with ineffective assistance, based primarily on counsel's failure to request and the court's failure to give a jury instruction on the affirmative defense of accident. We find neither error by the court nor ineffective assistance by counsel. We, therefore, affirm.

The evidence showed that Taylor and McClendon were neighbors and that Roberson was a visitor at McClendon's residence on the day in question. Jacqueline Peck, another neighbor, had come onto Taylor's property without permission. McClendon's son and Roberson proceeded onto the property after they observed Taylor approach Peck with a metal pipe and yell at her. State's witnesses testified that when McClendon intervened in the ensuing affray by attempting to remove her son from the scene, Taylor hit her on the back with the pipe and, when she fell to the ground, he hit her again in the face. Various witnesses, including Taylor, testified that Roberson attacked him, following which he hit her hand with the pipe. McClendon's son then hit Taylor with a brick.

On direct examination, Taylor sought to explain McClendon's injuries by testifying that she came toward him with a tire tool as he was being assaulted by her son and Roberson, that he had used the pipe in an attempt to ward her off, and that he had not intended to hurt her. Contrary to testimony given by the State's witnesses, Taylor denied swinging the pipe at McClendon. On cross-examination, he testified that she "just rammed her face into it."

1. Taylor first claims that the court erred in failing to charge the jury sua sponte on the affirmative defense of accident and that counsel's failure to request a charge on accident constituted ineffective assistance.

Because Taylor apprised counsel that he inflicted the injuries on the alleged victims in self-defense, counsel filed a request that the court instruct the jury on the affirmative defense of justification. At the hearing on Taylor's motion for new trial, counsel related that he had advised Taylor not to take the stand, that he was shocked when Taylor testified that McClendon accidentally ran into the pipe, and that up to that point he thought they had a good chance of winning the case due to confusion by the witnesses as to what actually had occurred. Counsel realized that he could request jury instructions on both justification and accident, but decided not to do so because juries tend to disbelieve either defense when both are asserted together and because of the strength of the evidence inconsistent with an accident defense. Under the circumstances, counsel's decision was not unreasonable and does not equate with ineffective assistance.[1]

---

[1] See generally *Adkinson v. State*, 245 Ga. App. 178, 179-180 (3) (537 SE2d 474) (2000).

Because a trial court does not err in failing to charge on an affirmative defense in the absence of a request unless it is the defendant's sole defense,[2] and because the evidence supported a defense of justification as to both aggravated assault charges,[3] the trial court did not err in failing to charge the jury on accident.

2. Taylor also charges his trial counsel with ineffective assistance in failing to challenge the legality of the arrest warrants and the indictment, in failing to object to testimony by McClendon and the investigating officer, and in failing to obtain certain medical records.

Because the legality of Taylor's arrest does not appear to have any relevance to the issues tried,[4] counsel committed no error in failing to challenge the legality of the warrants.

Taylor complains that counsel should have challenged the legality of the indictment because the witness testifying before the grand jury did not have personal knowledge of the facts. But "once the grand jury returns an indictment, the state is not required to make a further showing of probable cause, and the evidence reviewed by the grand jury in finding a true bill is not subject to inquiry."[5]

Although Taylor charges his trial attorney with error in not objecting to testimony by the investigating officer that he appeared intoxicated at the time of his arrest, a review of the transcript shows the officer gave no such testimony.

Taylor argues that his attorney should have objected to testimony concerning letters he wrote to Peck, on the ground that the police obtained one of the letters because McClendon took it from Peck's mailbox. Because Taylor has not shown that this provided grounds for excluding Peck's testimony concerning the letter, no error by counsel appears.

Taylor claims his attorney should have impeached the investigating officer's testimony with a conflicting affidavit previously given by the officer and that counsel should have introduced medical records which would have shown that the victims were injured by a brick rather than a pipe. However, neither the affidavit nor the medical records appear in the record. Thus, we cannot review these claims.

In sum, the trial court's finding that Taylor did not carry his burden of showing that trial counsel's performance was deficient and

---

[2] *Carlton v. State*, 224 Ga. App. 315, 318-319 (3) (480 SE2d 336) (1997).

[3] Cf. *Turner v. State*, 262 Ga. 359, 360 (2) (b) (418 SE2d 52) (1992); compare *Metts v. State*, 210 Ga. App. 197, 198 (2) (435 SE2d 525) (1993).

[4] Compare *Pitts v. State*, 209 Ga. App. 47, 49 (2) (432 SE2d 643) (1993).

[5] *Fitzgerald v. State*, 166 Ga. App. 307, 308 (2) (304 SE2d 114) (1983).

prejudicial to the defense is not clearly erroneous.[6]

3. Finally, Taylor complains of the trial court's failure to charge the jury on the lesser included offense of simple battery.

Because a trial court does not err in failing to give an instruction on a lesser included offense in the absence of a written request,[7] and because Taylor personally informed the court at the beginning of the trial that he did not want a jury charge on lesser included offenses, we find no error by the court.

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 22, 2001.

*Orin L. Alexis*, for appellant.

*Spencer Lawton, Jr., District Attorney, Christine S. Barker, Assistant District Attorney*, for appellee.

[6] See generally *Young v. State*, 245 Ga. App. 684, 685 (2) (538 SE2d 760) (2000).

[7] *Gadson v. State*, 264 Ga. 280, 281 (2) (444 SE2d 305) (1994).