S05A1915. DENNY v. THE STATE.
(623 SE2d 483)

SEARS, Chief Justice.

The appellant, Michael Denny, appeals from his convictions for two counts of malice murder, one count of burglary, and one count of possession of a gun during the commission of a crime.[1] On appeal,

---

[1] The crimes occurred on January 24, 1990. Denny was indicted on January 24, 2002, and was found guilty by a jury on February 13, 2004, of two counts of malice murder, two counts of felony murder, burglary, and the possession of a gun during the commission of a felony. The felony murder convictions were vacated as a matter of law, and the trial court sentenced Denny to consecutive life sentences for the two counts of malice murder, to twenty concurrent years for burglary, and to five consecutive years for the possession offense. On March 9, 2004, Denny filed

Denny contends that the trial court erred by admitting evidence of independent crimes, by charging the jury on conspiracy, and by ruling against his claim that he received ineffective assistance of counsel. For the reasons that follow, we find no merit to Denny's contentions, and affirm his convictions.

1. On the afternoon of January 24, 1990, several neighbors and relatives of Kevin Rainwater noticed a white van parked in his driveway. Later, while the van was still parked at Kevin's house, they also noticed the vehicles of Joe Rainwater (Kevin's father) and George Rainwater (Kevin's brother) parked outside the residence with the doors of their vehicles open. Subsequently, the neighbors and relatives noticed that the white van had left Kevin's residence, but that Joe and George Rainwater's vehicles were still present. George Rainwater's wife went to investigate. She discovered that the side door of the residence had been "busted," and she saw Joe and George Rainwater lying on the living room floor. Joe had been shot twice in the head and George had been shot once, and each victim died from his wounds.

Russell Brown, an acquaintance of Michael and Ricky Denny (Michael's brother), testified that on January 24, 1990, he and the Denny brothers drove around Coweta County, Georgia, in a white van looking for a home to burglarize. According to Brown, they chose a home that looked empty, that had a long driveway, and that sat "way back" off the road. The home in question belonged to Kevin Rainwater. Brown testified that no one was at the home when they first arrived, but that, subsequently, Joe and George Rainwater unexpectedly came to Kevin's home; that Michael Denny shot the two victims after making them lie on the floor; and that the group ransacked the house and stole a number of items.

In 2001, DNA evidence discovered at the crime scene was run though a GBI database of known DNA samples and was found to be a match for Michael Denny's DNA. A subsequent forensic test, evidence of which was introduced at trial, confirmed that the DNA found at the crime scene came from Michael Denny.

Having reviewed the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Michael Denny guilty beyond a reasonable doubt for the crimes for which he was convicted.[2]

---

a motion for new trial, and on May 6, 2005, Denny filed an amended motion for new trial. On May 19, 2005, the trial court denied Denny's motion for new trial, as amended, and on May 26, 2005, Denny filed a notice of appeal. The appeal was docketed in this Court on August 1, 2005, and was submitted for decision on briefs on September 26, 2005.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Denny contends that the trial court erred by admitting evidence of independent crimes. We disagree.

Evidence regarding one of the independent crimes showed that, during the daytime on January 31, 1990, one week after the Rainwater crimes, Michael Denny, Ricky Denny, and Russell Brown drove Ricky Denny's white van to an empty, semi-rural home "that sat back off the road"; forced their entry into a shed located next to the house; and took several items from the shed. Evidence of the other independent crime showed that, during the daytime on June 5, 1991, Michael Denny and an accomplice drove to another empty, semi-rural home that was located some distance from the road; forced their entry through the front door of the home; and burglarized it.

We conclude that the independent crimes were properly admitted under the standards set forth in *Williams v. State*.[3] In particular, the independent crimes and the charged crimes showed that Denny committed his burglaries with accomplices; that he committed the burglaries during daylight hours; that Denny and his accomplices would choose a home to burglarize by driving around semi-rural areas until they found a home that looked empty and that "sat back" some distance from the street on which it was located; and that Denny used his brother's white van to commit the charged crimes and one of the independent crimes. The independent crimes and the charged crimes were also similar in that they involved forced entry through a door and in that Denny and his accomplices stole items that could be easily carried by hand. We conclude that the trial court did not err in admitting evidence of the independent crimes to show identity, bent of mind, and course of conduct.[4]

3. Contrary to Denny's contention, there was evidence of a conspiracy to burglarize the Rainwater residence, and the trial court thus did not err in charging on the law of conspiracy.[5]

4. Denny also contends that the trial court erred by ruling against his claim that he received ineffective assistance of trial counsel.

To prevail on his claim of ineffective assistance of counsel, Denny had the burden to prove both that counsel's performance was deficient and that, but for that deficient performance, there is a reasonable probability that the result of the trial would have been different.[6]

---

[3] 261 Ga. 640, 642-643 (409 SE2d 649) (1991).

[4] See *Collins v. State*, 273 Ga. 93, 94-95 (538 SE2d 47) (2000); *Wayne v. State*, 269 Ga. 36, 38-39 (495 SE2d 34) (1998); *Raulerson v. State*, 268 Ga. 623, 631 (491 SE2d 791) (1997).

[5] See *Belsar v. State*, 276 Ga. 261, 262 (577 SE2d 569) (2003); *Huey v. State*, 263 Ga. 840, 842 (439 SE2d 656) (1994).

[6] *Scott v. State*, 279 Ga. 596, 599 (619 SE2d 653) (2005); *Seabolt v. State*, 279 Ga. 518, 520-521 (616 SE2d 448) (2005).

In ruling on an ineffectiveness claim on appeal, this Court need not analyze the deficient performance prong of the claim if the Court determines that the prejudice prong has not been satisfied.[7] Here, we conclude that Denny has failed to prove prejudice. Denny contends that trial counsel failed to discover certain alibi witnesses, and to have his DNA expert testify at trial. At the hearing on his motion for new trial, however, Denny did not show that any alibi witnesses existed or what their testimony would have been. Moreover, Denny did not show whether his DNA expert would have provided testimony at trial that would have rebutted the State's DNA evidence against him. Denny, therefore, has failed to prove the prejudice prong of his ineffectiveness claim.[8]

*Judgment affirmed. All the Justices concur.*

DECIDED DECEMBER 1, 2005.

*Ricardo G. Samper, Jerry F. Pittman*, for appellant.
*Peter J. Skandalakis, District Attorney, Raymond C. Mayer, Assistant District Attorney, Thurbert E. Baker, Attorney General, Chad E. Jacobs, Assistant Attorney General*, for appellee.

---

[7] *Riggins v. State*, 279 Ga. 407, 409 (614 SE2d 70) (2005).
[8] *Robinson v. State*, 278 Ga. 31, 35 (597 SE2d 386) (2004); *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995).