A08A2390. HUNTER v. THE STATE.
(669 SE2d 533)

BLACKBURN, Presiding Judge.

Following the denial of both his motion to withdraw his guilty plea to a charge of incest[1] and his motion for post-conviction DNA testing, Octavious Hunter appeals, arguing that his plea counsel rendered ineffective assistance and that the trial court erred in denying him the opportunity to contest the evidence that he and the victim were related. For the reasons set forth below, we affirm.

The record shows that in July 2005, Hunter's 23-year-old half-sister, S. H., met Hunter and one of his friends at a local nightclub to celebrate S. H.'s birthday. After becoming very intoxicated, S. H. left the club with Hunter and went to his home where she passed out in his room. Later that night, she awoke to discover that Hunter was having sexual intercourse with her. S. H. told Hunter to stop but quickly passed out again. The following day, S. H. went to a local hospital and underwent a sexual assault examination, which yielded DNA samples from Hunter indicating that he had had sexual intercourse with her. That same day, S. H. reported that Hunter had raped her to the police.

Hunter was indicted on one count of rape and one count of incest. On January 9, 2007, he pled guilty to the incest charge and was sentenced as a recidivist to twenty years in prison with ten to serve. As part of his plea bargain, the State nolle prossed the rape charge. However, less than one month later, Hunter filed a pro se motion to withdraw his guilty plea, alleging ineffective assistance of counsel.[2] In April 2007, he was appointed new counsel and filed a motion requesting a DNA test to establish whether he and S. H. were half-siblings, as well as an amended motion to withdraw his guilty

---

[1] OCGA § 16-6-22 (a) (3).

[2] The terms of court for the Superior Courts of DeKalb County begin on the first Monday in January, March, May, July, September, and November. OCGA § 15-6-3 (37). Thus, Hunter's motion to withdraw his guilty plea was filed within the term of court in which his sentence was entered.

plea. After holding a hearing on both of the motions, the trial court issued a written order denying them. Subsequently, Hunter was again appointed new counsel, who successfully sought the trial court's permission for an out-of-time appeal. This appeal followed.

1. Hunter contends that the trial court erred in denying his motion to withdraw his guilty plea, arguing that his plea counsel provided ineffective assistance in failing to seek a DNA test to determine whether he and S. H. were half-siblings. We disagree.

"Although a guilty plea may be withdrawn anytime before sentencing, once a sentence has been entered, a guilty plea may only be withdrawn to correct a manifest injustice." (Punctuation omitted.) *Maddox v. State*.[3] A "trial court's refusal to allow withdrawal will not be disturbed on appeal absent a manifest abuse of discretion." (Punctuation omitted.) *McDowell v. State*.[4]

> In *Hill v. Lockhart*,[5] the United States Supreme Court established the test for reviewing claims of ineffective assistance of counsel in the context of a guilty plea. The Court held that a defendant who pleads guilty and who seeks to overturn his conviction because of counsel's errors must meet the now familiar two-part test of *Strickland v. Washington*[6] — deficient performance and prejudice. The analysis of counsel's performance is similar whether in the context of a trial or a guilty plea.

*Lawton v. State*.[7] "In evaluating an attorney's performance for the purpose of determining the first prong of the test, there is a strong presumption that counsel's conduct falls within [a] wide range of reasonable professional assistance." (Punctuation omitted.) *Brown v. State*.[8]

Here, Hunter argues that his plea counsel's performance was deficient in that his counsel failed to request DNA testing to determine whether he and S. H. were, in fact, half-siblings, and thus he was unable to refute the blood relationship element of the incest charge. See OCGA § 16-6-22 (a) (3). However, at the hearing on Hunter's motion to withdraw, his plea counsel testified that because most of the evidence indicated that Hunter and S. H. were half-

[3] *Maddox v. State*, 278 Ga. 823, 826 (4) (607 SE2d 587) (2005).

[4] *McDowell v. State*, 282 Ga. App. 754, 755 (639 SE2d 644) (2006).

[5] *Hill v. Lockhart*, 474 U. S. 52 (106 SC 366, 88 LE2d 203) (1985).

[6] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[7] *Lawton v. State*, 285 Ga. App. 45, 46 (645 SE2d 571) (2007).

[8] *Brown v. State*, 280 Ga. App. 767, 771 (1) (634 SE2d 875) (2006).

siblings, including their respective birth certificates which stated that they had the same father, she worried that a DNA test would only serve to confirm that they were related. She further testified that her strategy was therefore to forego a DNA test and to argue that the State had failed to prove that Hunter and S. H. were related beyond a reasonable doubt. "Counsel's decision on this matter was one of trial tactics and does not provide a basis on which to find that [her] representation was deficient." *Lowe v. State*[9] (trial counsel's strategy to not request a DNA test because a positive result would have been fatal to defendant's case was not deficient).

In addition, at the hearing on his motion to withdraw his plea, Hunter proffered no evidence that a DNA test would have rebutted the State's evidence that he and S. H. were half-siblings. Hunter, "therefore, has failed to prove the prejudice prong of his ineffectiveness claim." *Denny v. State*.[10] Accordingly, as Hunter did not satisfy the *Strickland* standard for demonstrating ineffective assistance of counsel, the trial court did not abuse its discretion in denying his motion to withdraw his guilty plea. See *Lawton*, 285 Ga. App. at 47.

2. Hunter also contends that the trial court erred in denying his motion for a post-conviction DNA test. Specifically, he argues that the court's ruling denied him the opportunity to demonstrate that he and S. H. were not half-siblings or related in any way, and thus that he could not have been guilty of the crime of incest. We disagree. The grant or denial of a post-conviction motion for the assistance of an expert witness and other investigative services lies within the sound discretion of the trial court, and some special need for the assistance must be demonstrated to the trial court. See *Totten v. State*;[11] *Palmer v. State*.[12]

Here, Hunter requested DNA testing to determine whether he and S. H. were related. Such motions are governed by OCGA § 5-5-41 (c) (1), which provides that "a person convicted of a serious violent felony as defined in Code Section 17-10-6.1 may file a written motion before the trial court that entered the judgment of conviction in his or her case, for the performance of forensic deoxyribonucleic acid (DNA) testing." See generally *Crawford v. State*;[13] *Palmer*, supra, 286 Ga. App. at 757 (6). Pretermitting whether his post-conviction motion complied with the other requirements under OCGA § 5-5-41 (c) (3), Hunter is barred from requesting DNA testing under this

[9] *Lowe v. State*, 259 Ga. App. 674, 676 (2) (578 SE2d 284) (2003).

[10] *Denny v. State*, 280 Ga. 81, 84 (4) (623 SE2d 483) (2005).

[11] *Totten v. State*, 276 Ga. 199, 200 (2) (577 SE2d 272) (2003).

[12] *Palmer v. State*, 286 Ga. App. 751, 756 (6) (650 SE2d 255) (2007).

[13] *Crawford v. State*, 278 Ga. 95, 97 (2) (a) (597 SE2d 403) (2004).

statute because his conviction for the crime of incest is not defined as a serious violent felony under OCGA § 17-10-6.1 (a).[14] He therefore failed to meet even the initial statutory requirement for filing such a motion. Accordingly, the trial court did not abuse its discretion in denying Hunter's post-conviction motion for DNA testing. Cf. *Palmer*, supra, 286 Ga. App. at 757 (6).

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED NOVEMBER 14, 2008.

*Jimmonique R. S. Rodgers*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Daniel J. Quinn, Assistant District Attorneys*, for appellee.

---

[14] Under OCGA § 17-10-6.1 (a), serious violent felonies include murder, armed robbery, kidnapping, rape, aggravated child molestation, aggravated sodomy, and aggravated sexual battery.