## A10A1731. MURRAY v. THE STATE.
### (705 SE2d 726)

DILLARD, Judge.

In 1999, Anthony D. Murray pleaded guilty to one count of robbery, two counts of armed robbery, and two counts of aggravated

---

[1] 288 Ga. 299 (702 SE2d 881) (2010).
[2] 300 Ga. App. 726 (686 SE2d 356) (2009).

YALE LAW LIBRARY

assault with a deadly weapon. Two months later, Mr. Murray, proceeding pro se, timely moved to withdraw his guilty plea to the armed robbery and aggravated assault counts on the ground that he received ineffective assistance of counsel. After successfully moving for an out-of-time appeal of the denial of that motion, Murray again moved to withdraw his guilty plea to those charges. Proceeding pro se, he now appeals the denial of that motion. For the reasons noted infra, we affirm in part, vacate the two aggravated assault sentences, and remand the case to the trial court for resentencing.

The record shows that on February 20, 1999, Mr. Murray and his girlfriend beat and robbed two Hispanic males in two separate but very similar incidents. In both incidents, the couple saw a Hispanic male walking along the road as they drove by and offered to give him a ride. After each man accepted this offer, Murray's girlfriend drove him to a remote location, at which point Murray emerged from the back seat and beat the unsuspecting passenger with a steel rod, dragged his body from the vehicle, and then took whatever money was in his possession. Shortly after these robberies, the police arrested Murray and his girlfriend based on a description of their vehicle provided by the two victims.

In June 1999, a Toombs County grand jury indicted Mr. Murray on two counts of armed robbery[1] and two counts of aggravated assault with a deadly weapon[2] in connection with his robbery and attack of the two Hispanic males. On September 9, 1999, Murray — who was represented by counsel — pleaded guilty to all four counts in the Toombs County indictment. During this same hearing, Murray also pleaded guilty to an Emanuel County robbery charge,[3] which alleged that earlier on the same day as the Toombs County robberies, Murray and his girlfriend beat and robbed a 65-year-old man.[4] At the conclusion of the hearing, the trial court imposed three twenty-year sentences for the three robbery charges, to run concurrently, and two five-year sentences for the two aggravated assault charges, to run concurrently with each other but consecutively to the robbery sentences.

In November 1999, Mr. Murray filed a timely pro se motion to withdraw his guilty plea to the Toombs County charges on the ground that he received ineffective assistance of counsel. For reasons

---

[1] OCGA § 16-8-41 (a).

[2] OCGA § 16-5-21 (a) (2).

[3] OCGA § 16-8-40 (a) (1).

[4] Both Toombs County and Emanuel County are in the Middle Circuit. OCGA § 15-6-3 (24). The Supreme Court of Georgia has held that OCGA § 15-6-23 "is sufficiently broad to authorize a superior court judge to accept a guilty plea and enter sentence in any county within his circuit." *Barksdale v. Ricketts*, 233 Ga. 60, 62 (209 SE2d 631) (1974).

not apparent from the record, the trial court did not rule on Murray's motion until it denied the motion without a hearing in August 2001. In November 2002, Murray filed a motion for an out-of-time appeal of the denial of his motion to withdraw his guilty plea and also filed a motion requesting that he be appointed counsel. The trial court denied the motion requesting appointment of counsel, but never explicitly ruled on the motion for an out-of-time appeal. Murray appealed, and in 2004, this Court held that he was entitled to an out-of-time appeal on his motions to withdraw his guilty plea and request for the appointment of counsel.[5]

In October 2005, Mr. Murray — once again represented by counsel — filed a second motion to withdraw his guilty plea to the Toombs County armed-robbery and aggravated-assault charges, alleging ineffective assistance of counsel. On August 3, 2006, the trial court held a hearing on the matter, during which Murray's plea counsel testified. At the conclusion of the hearing, the trial court reserved ruling and directed the parties to submit additional briefs. On May 22, 2007, the trial court denied Murray's motion to withdraw his guilty plea. However, after learning in the interim that Murray had filed a motion to proceed pro se, the trial court granted that motion and also granted his pro se motion for reconsideration of the denial of the motion to withdraw his guilty plea. Subsequently, Murray filed a third motion to withdraw his guilty plea. After holding a second hearing on the matter, during which Murray's plea counsel again testified, the trial court denied the motion. This appeal follows.

As previously noted, Mr. Murray contends that the trial court erred in denying his motion to withdraw his guilty plea on the ground that he received ineffective assistance of counsel. Specifically, he claims that his plea counsel performed deficiently in (1) failing to suppress a post-arrest statement made to the police, (2) failing to challenge the legality of the arrest warrants, (3) failing to argue for the merger of his armed robbery and aggravated assault with a deadly weapon sentences, and (4) failing to investigate the Emanuel County robbery charge.

At the outset, we note that while a guilty plea may be withdrawn anytime before sentencing, "once a sentence has been entered, a guilty plea may only be withdrawn to correct a manifest injustice[,]"[6] and a trial court's refusal to allow withdrawal "will not be disturbed on appeal absent a manifest abuse of discretion."[7] Additionally, a

---

[5] *Murray v. State*, 265 Ga. App. 119, 121 (592 SE2d 898) (2004).

[6] *Maddox v. State*, 278 Ga. 823, 826 (4) (607 SE2d 587) (2005) (punctuation omitted).

[7] *Hunter v. State*, 294 Ga. App. 583, 584 (1) (669 SE2d 533) (2008) (punctuation omitted).

criminal defendant who seeks to withdraw his guilty plea due to ineffective assistance of counsel "must meet the now familiar two-part test of *Strickland v. Washington*[8] — deficient performance and prejudice."[9] More precisely,

> [a] defendant who pleads guilty and seeks to overturn his conviction because of counsel's errors must show both that counsel's performance was deficient and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.[10]

Finally, in evaluating an attorney's performance for the purpose of determining the first prong of the *Strickland* test, "there is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance."[11] With these guiding principles in mind, we will now address each of Mr. Murray's enumerations of error in turn.

1. Mr. Murray contends that his plea counsel performed deficiently in failing to suppress an inculpatory statement that he allegedly made to the police after his arrest. We find this contention to be without merit.

During the first hearing on his motion to withdraw his guilty plea, Mr. Murray testified that, after being arrested, he invoked his *Miranda* rights[12] and refused to provide the Toombs County sheriff with a statement. Murray further testified that, a few days later (while still in custody), he provided a recorded inculpatory statement to the Emanuel County sheriff. Murray argues that his plea counsel performed deficiently by not moving to suppress this statement, and instead advising him that he should plead guilty because such a motion would be a waste of time. In contrast, Murray's plea counsel testified at both of the hearings on Murray's motion to withdraw his guilty plea that he was not aware of Murray making any inculpatory statement and that no record of such a statement existed in any of the files provided to him by the State. In addition, there was no mention of such a statement during Murray's 1999 guilty plea hearing. Thus, despite Murray's claim that he made an inculpatory statement that caused him to plead guilty, "the trial court had every right to disbelieve this self-serving testimony in favor of counsel's

YALE LAW LIBRARY

---

[8] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[9] *Lawton v. State*, 285 Ga. App. 45, 46 (645 SE2d 571) (2007).

[10] *Rios v. State*, 281 Ga. 181, 181 (2) (637 SE2d 20) (2006) (punctuation omitted).

[11] *Hunter*, 294 Ga. App. at 584 (1) (punctuation omitted).

[12] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

testimony."[13] Accordingly, evidence supported the trial court's finding that Murray failed to show ineffective assistance of counsel in this regard.

2. Mr. Murray further contends that his plea counsel performed deficiently in failing to challenge the legality of the arrest warrants, arguing that the affidavits supporting those warrants did not include enough information to show probable cause. We disagree.

OCGA § 17-4-41 (a) provides that

[a]n affidavit made or warrant issued for the arrest of a person who is accused of violating the penal laws of this state shall include, as nearly as practicable, the following facts: (1) The offense, including the time, date, place of occurrence, against whom the offense was committed, and a statement describing the offense; and (2) The county in which the offense was committed.[14]

Here, the affidavit supporting the arrest warrant for Mr. Murray based on his aggravated assault of the first Toombs County victim notes that Murray "committed the offense of aggravated assault . . . between the hours of 7 PM and 9 PM, on the 20th day of February 1999[,]" and that "[t]he place of occurrence of said offense [was] Piney Green Church Rd, Toombs County, Georgia." The affidavit further provides that Murray "did with intent to commit a felony attack the person of [J. M.] with a steel object, hitting him several times about the head and body . . . with intent to do bodily harm and without just cause or provocation." The affidavit supporting the arrest warrant for armed robbery of this victim lists the same time, date, and place for the offense as the affidavit supporting the aggravated assault warrant, and further provides that Murray "did with intent to commit a crime on the date mentioned above rob the person of [J. M.] by use of beating him with a piece of steel and taking an undetermined amount of money from said person." The affidavits supporting the arrest warrants for Murray's aggravated assault and armed robbery of the second Toombs County victim were drafted in a nearly identical manner. Thus, all four of the supporting affidavits unquestionably satisfied the requirements of OCGA § 17-4-41 (a).[15]

---

[13] *Pattillo v. State*, 304 Ga. App. 344, 345 (696 SE2d 370) (2010); see also *Coggins v. State*, 275 Ga. 479, 482 (3) (569 SE2d 505) (2002) (holding that a trial court may believe counsel's testimony over that of defendant).

[14] *See also Dunn v. State*, 234 Ga. App. 623, 624 (2) (507 SE2d 170) (1998).

[15] *See, e.g., Skaggs-Ferrell v. State*, 287 Ga. App. 872, 875-76 (2) (652 SE2d 891) (2007) (holding that warrants describing the crime satisfy OCGA § 17-4-41 (a)); *Dunn*, 234 Ga. App. at 624 (2) (same).

YALE LAW LIBRARY

Relying on *Pitts v. State*,[16] Mr. Murray argues that regardless of whether the affidavits supporting the arrest warrants satisfied OCGA § 17-4-41 (a), they, nevertheless, "did not supply the magistrate with sufficient information to support an independent judgment that probable cause existed for the issuance of the warrants."[17] Murray's reliance on *Pitts* is misplaced, and his understanding of that decision's holding is erroneous.

To begin with, the Supreme Court of Georgia has made clear that a showing of probable cause is not limited to the four corners of a supporting affidavit, so long as the issuing magistrate is supplied with "sufficient information to support [his] independent judgment that probable cause exists for the warrant."[18] Thus, to the extent Mr. Murray reads our decision in *Pitts* as holding that probable cause must be explicitly established solely by supporting affidavits, he is mistaken. Indeed, all that can be gleaned from our limited discussion of the probable cause issue in the majority opinion of *Pitts* is that the sole basis for the issuance of the warrants in that particular case were the attached affidavits, which "did not supply the magistrate with sufficient information to support an independent judgment that probable cause existed. . . ."[19]

Moreover, while our majority opinion in *Pitts* did not specify the Court's reasons for deeming the supporting affidavits in that case insufficient, Presiding Judge Beasley — in her special concurrence — noted that "[t]here was *no* information on the source of the affiant police officer's knowledge [that a crime had been committed or that the defendant had committed it]."[20] Here, by contrast, all four of the affidavits supporting the arrest warrants listed the two victims as witnesses to the crimes, from which the magistrate could easily infer that they were the source of the arresting officer's information.[21] We, therefore, conclude that — based on the information provided in the

---

[16] 209 Ga. App. 47 (432 SE2d 643) (1993).

[17] *Id.* at 49 (2).

[18] *Devier v. State*, 253 Ga. 604, 610 (5) (323 SE2d 150) (1984) (citation and punctuation omitted); *see also Cofield v. State*, 247 Ga. 98, 109-10 (274 SE2d 530) (1981) (same); *Whiteley v. Warden, Wyo. State Penitentiary*, 401 U. S. 560, 564 (91 SC 1031, 28 LE2d 306) (1971) ("The decisions of this Court concerning Fourth Amendment probable-cause requirements before a warrant for either arrest or search can issue require that the judicial officer issuing such a warrant be supplied with sufficient information to support an independent judgment that probable cause exists for the warrant.").

[19] *Pitts*, 209 Ga. App. at 49 (2).

[20] *Id.* at 51 (Beasley, P. J., concurring specially).

[21] See, e.g., *Brogdon v. State*, 299 Ga. App. 547, 551 (1) (b) (683 SE2d 99) (2009) ("On appeal, we give great deference to the magistrate's determination of probable cause, presume the validity of the affidavit supporting the search warrant, and resolve doubtful cases in favor of upholding the warrant[, and] review the contents of the affidavit in the light most favorable to upholding the trial court's determination.").

supporting affidavits — the officer in the case sub judice supplied the issuing magistrate with sufficient information to support an independent finding that probable cause existed for the issuance of the warrants.[22] Accordingly, a challenge to the arrest warrants by Mr. Murray's plea counsel would indeed have been futile, and his claim of ineffective assistance of counsel grounded on the failure to make such a challenge is without merit.[23]

Moreover, even if we were to assume arguendo that the arrest warrants were not supported by probable cause, Mr. Murray has failed to demonstrate that his plea counsel's failure to challenge the legality of these warrants prejudiced him. To begin with, even if Murray's trial counsel had challenged the warrants and was able to suppress any inculpatory statement, there is nothing to suggest that his guilty plea resulted from such a statement. As we explained in Division 1, no reference to any inculpatory statement was made during Murray's guilty plea hearing, and the trial court was authorized to believe the testimony of Murray's trial counsel that he was not even aware such a statement had ever been made. Additionally, there is nothing in the record indicating that Murray's arrest resulted in the tainted seizure of any inculpatory evidence. Murray, then, has failed to show that, but for his plea counsel's alleged deficient performance in failing to challenge the warrants, he would not have pleaded guilty. Consequently, "[w]ithout any showing of an adverse effect, the trial court did not err in concluding that [the defendant] was afforded effective assistance of counsel."[24]

3. Mr. Murray also contends that his plea counsel performed deficiently in failing to argue for the merger of his armed robbery and aggravated assault convictions and sentences, arguing that the offense of armed robbery included the offense of aggravated assault as a matter of fact. And based on the facts alleged in the indictment, as well as the State's recitation of the facts supporting these charges during Murray's guilty plea hearing, we agree.

In considering whether the aggravated assaults with a deadly weapon are lesser included offenses of the armed robberies, we apply the "required evidence" test set forth in *Drinkard v. Walker*.[25] Under that test, we examine "whether each offense requires proof of a fact

---

[22] *See, e.g., Devier*, 253 Ga. at 610 (5).

[23] *See Smith v. State*, 302 Ga. App. 128, 135 (2) (a) (690 SE2d 449) (2010) (holding that failure to file a futile motion to suppress does not constitute ineffective assistance of counsel); *Jarrett v. State*, 299 Ga. App. 525, 533 (7) (c) (683 SE2d 116) (2009) (same).

[24] *Jackson v. State*, 271 Ga. 705, 706 (1) (523 SE2d 871) (1999); *cf. Taylor v. State*, 248 Ga. App. 235, 237 (2) (546 SE2d 20) (2001) ("Because the legality of Taylor's arrest does not appear to have any relevance to the issues tried, counsel committed no error in failing to challenge the legality of the warrants." (footnote omitted)).

[25] 281 Ga. 211, 215-217 (636 SE2d 530) (2006).

which the other does not."[26] In conducting this examination, we note that the Supreme Court of Georgia recently applied the "required evidence" test to facts similar to those at issue in the case sub judice, concluding that "there is no element of aggravated assault with a deadly weapon that is not contained in armed robbery . . . ."[27]

Here, the armed robbery counts in the indictment provided that Mr. Murray "unlawfully with intent to commit theft, did take property, to-wit: U.S. currency, from the person of [victim], by use of an offensive weapon, to-wit: a steel rod. . . ." Similarly, the aggravated assault counts provided that Murray did "unlawfully make an assault upon the person of [victim] with a steel rod, a deadly weapon, an object, which, when used offensively against a person, is likely to or actually does result in serious bodily injury, by beating the said [victim] about the head and face with said steel rod. . . ."

Additionally, during Mr. Murray's initial guilty plea hearing, the State's prosecutor described the facts of the case as follows:

> On February 20th, 1999, [the first victim] was picked up in a car driven by . . . the co-defendant with this defendant in the courtroom. Upon being picked up and given a ride to what he thought was . . . a Hispanic or a Latino nightclub on that date when he got in the car, subsequently this defendant popped up in the back seat and hit this [victim] in the back of the head with what is alleged to be a steel rod of some sort. At that point he was robbed and then left out of the car. *That's where the armed robbery comes from and the aggravated assault.* Again also on that same date, [the second victim], the same thing happened to him, the same basic pattern of being picked up in a car.[28]

Given these underlying facts, as described in the indictment and during the initial guilty plea hearing, the aggravated assault with a deadly weapon charges do not require proof of a fact that the armed robbery charges do not likewise require, and Murray's aggravated assault convictions unquestionably merged into his armed robbery convictions.[29] Accordingly, the aggravated assault convictions and the sentences entered for them must be vacated, and the case remanded to the trial court for resentencing.

---

[26] *Lucky v. State*, 286 Ga. 478, 481 (2) (689 SE2d 825) (2010).

[27] *Long v. State*, 287 Ga. 886, 889 (2) (700 SE2d 399) (2010).

[28] (Emphasis supplied.)

[29] *See Long*, 287 Ga. at 889 (2); *cf. King v. State*, 241 Ga. App. 894, 895 (1) (528 SE2d 535) (2000) (holding that "[b]ecause the violence preceded the theft and was the means by which [defendant] secured the victim's compliance with his demand, the aggravated assault conviction merged with the armed robbery conviction").

4. Mr. Murray further contends that his plea counsel performed deficiently in failing to investigate the Emanuel County robbery charge. Specifically, he argues that his plea counsel's inaction in this regard caused him to plead guilty to a charge that was not supported by sufficient evidence. However, while Murray timely moved to withdraw his guilty plea to the Toombs County charges, he never moved to withdraw his guilty plea to the Emanuel County charge. Indeed, during the second hearing on the motion to withdraw his guilty plea to the Toombs County charges, Murray acknowledged that he had never moved to withdraw his guilty plea to the Emanuel County charge. In fact, Murray did not allege that his plea counsel performed deficiently in his handling of the Emanuel County charge until the August 3, 2006 hearing on his motion to withdraw his guilty plea to the Toombs County charges.

It is well settled that "when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea the trial court lacks jurisdiction to allow the withdrawal of the plea."[30] And here, Mr. Murray's first mention of any challenge to his plea of guilty to the Emanuel County robbery charge was in 2006, which was well beyond the term of court in which he was sentenced (September 9, 1999).[31] Consequently, Murray's only available means to withdraw his guilty plea to the Emanuel County robbery charge is through habeas corpus proceedings.[32]

*Judgment affirmed in part and vacated in part, and case remanded. Barnes, P. J., and Blackwell, J., concur.*

DECIDED JANUARY 26, 2011.

Anthony Murray, *pro se*.

S. *Hayward Altman, District Attorney, Charles D. Howard, Assistant District Attorney*, for appellee.

---

[30] *Williams v. State*, 301 Ga. App. 849, 850 (1) (689 SE2d 124) (2010) (punctuation omitted).

[31] OCGA § 15-6-3 (24) (D) provides that Toombs County Superior Court terms commence on the "[f]ourth Monday in February, May, August, and November" of each year. Given that Mr. Murray pleaded guilty to the Emanuel County robbery charge in Toombs County Superior Court, we look to the statute defining that court's terms to determine whether Murray's attempt to withdraw that guilty plea was timely.

[32] *See Rice v. State*, 277 Ga. 649, 649 (594 SE2d 335) (2004).