## A11A1625. MURRAY v. THE STATE.
(723 SE2d 531)

PHIPPS, Presiding Judge.

At issue in this appeal is whether Anthony Murray had the right to withdraw his guilty plea in its entirety before he was resentenced, after the sentences entered on some (but not all) of the convictions were found to be void. Finding no error in the trial court's denial of the motion in this case, we affirm.

Represented by counsel, Murray entered a negotiated guilty plea to two counts of armed robbery, two counts of aggravated assault, and one count of robbery. The court imposed twenty-year sentences for each of the armed robbery convictions and a fifteen-year sentence for the robbery conviction (each to run concurrently), and five-year sentences for each of the aggravated assault convictions (to run concurrently with each other and consecutively to the armed robbery sentences). Murray moved to withdraw his guilty plea as to the armed robbery and aggravated assault counts.[1] The motion was denied and he appealed.[2]

In that appeal, this court concluded that the aggravated assault convictions merged into the armed robbery convictions as a matter of fact and, consequently, the aggravated assault convictions and the sentences entered for them had to be vacated.[3] We remanded the case to the trial court for resentencing, but we affirmed the judgment in all other respects.[4]

Then, on March 16, 2011, before the trial court resentenced him, Murray filed another motion to withdraw his guilty plea. This time, he referenced the case numbers for all five counts, asserting that a defendant should be permitted to withdraw his guilty plea as to all counts where the sentences imposed for some of the counts are void.[5]

On March 17, 2011, before ruling on Murray's motion to with-

---

[1] The armed robbery and aggravated assault counts were brought in Toombs County, and the robbery count was brought in Emanuel County. Murray entered his negotiated guilty plea to all counts during the Toombs County plea hearing. See *Murray v. State*, 307 Ga. App. 621, 622 (705 SE2d 726) (2011) (reciting facts and citing authority for the trial court accepting the guilty plea and entering sentences in cases for both counties).

[2] Id. at 621.

[3] Id. at 627-628 (3). See *Williams v. State*, 287 Ga. 192, 193 (695 SE2d 244) (2010) (an accused may not be convicted of more than one crime if one crime is included in the other).

[4] *Murray*, supra at 621-629.

[5] See *Kaiser v. State*, 285 Ga. App. 63 (646 SE2d 84) (2007) (holding that where a sentence

draw the guilty plea, the trial court entered an order adopting the judgment of this court, merging the aggravated assault convictions into the armed robbery convictions and vacating the sentences on the aggravated assault convictions.[6] The order also provided that the judgments and sentences on the armed robbery convictions stood as originally pronounced.

On March 22, 2011, noting that the sentences on the armed robbery convictions were not void and holding that Murray thus did not have the right to withdraw the guilty plea to those counts,[7] the trial court denied the motion to withdraw the guilty plea. Murray appeals from that ruling.

Murray is correct that where a sentence is void and the defendant has filed a motion to withdraw the guilty plea prior to resentencing, the defendant may withdraw his plea as a matter of right until he is properly sentenced, even if the motion was filed outside the term of court in which the sentence was imposed.[8]

Contrary to Murray's argument, *Kaiser v. State*[9] does not require a result in his favor. In *Kaiser*, we had vacated the defendant's original sentence *in its entirety* and remanded the case to the trial court for resentencing.[10] That did not happen in Murray's case, where we had vacated his convictions and sentences entered for them on only two of the five counts to which he pled guilty.[11] Because there was no basis for finding that the sentences entered on the armed robbery and robbery convictions in this case were void,[12] and the trial court imposed separate and distinct sentences for each of the convictions, the trial court did not err in denying Murray's

---

is void, a defendant may withdraw his guilty plea as of right until he is properly sentenced).

[6] The trial court noted in the order denying the March 2011 motion to withdraw the guilty plea that it had signed the resentencing order prior to receiving or having any knowledge of the new motion to withdraw the guilty plea.

[7] The trial court did not specifically discuss the robbery conviction in its order denying Murray's motion to withdraw the guilty plea.

[8] Id. at 68-69 (1). OCGA § 17-7-93 (b), in pertinent part, permits a defendant to withdraw his plea as a matter of right any time before judgment is pronounced.

[9] Supra.

[10] Id. at 64.

[11] *Murray*, supra at 628 (3).

[12] See *Rooney v. State*, 287 Ga. 1, 2 (2) (690 SE2d 804) (2010) ("A sentence is void if the court imposes punishment that the law does not allow.") (citation and punctuation omitted); *Jones v. State*, 307 Ga. App. 714, 715 (706 SE2d 105) (2011); *McKenzie v. State*, 302 Ga. App. 538, 539, n. 1 (691 SE2d 352) (2010) (a sentence that imposes punishment on two separate convictions that should have been merged is void); OCGA §§ 16-8-41 (b) (pertinently providing that a person convicted of armed robbery shall be punished by death, life imprisonment, or imprisonment for not less than ten nor more than twenty years); 16-8-40 (c) (pertinently providing that a person convicted of robbery against a person who is 65 years of age or older shall be punished by imprisonment for not less than five nor more than twenty years).

motion to withdraw his guilty plea as to those counts.[13]

We note that in its order denying Murray's motion to withdraw the guilty plea, the trial court did not expressly address the robbery count. But, as with the armed robbery sentences, the robbery sentence was not void and the trial court had imposed a separate and distinct sentence for that conviction; thus, Murray had no right to withdraw the guilty plea based on the robbery sentence.[14]

*Judgment affirmed. Andrews and McFadden, JJ., concur.*

DECIDED FEBRUARY 21, 2012.

Anthony Murray, *pro se.*
S. *Hayward Altman, District Attorney*, for appellee.

---

[13] See *Diaz v. State*, 279 Ga. App. 134 (630 SE2d 618) (2006) (defendant had no right to withdraw his guilty plea to a rape charge prior to resentencing where he had entered a negotiated plea of guilty on rape and aggravated child molestation charges, and the sentence on the aggravated child molestation conviction was later found to be void because it did not comply with statutory sentencing guidelines; the trial court had imposed separate and distinct sentences for each of the convictions, and there was no basis for finding that the sentence on the rape conviction was void). Compare *Clue v. State*, 273 Ga. App. 672, 674 (615 SE2d 800) (2005) (trial court abused its discretion in permitting defendant to withdraw his guilty plea as to only four of six counts when trial counsel was proven to be ineffective as to those four counts; counsel's ineffectiveness as to some of the counts had undermined the voluntariness and validity of the plea as to the remaining counts, particularly where it was conceded that the defendant would not have entered a guilty plea to the more serious counts absent counsel's deficiencies, and withdrawal of the plea in its entirety was necessary to avoid a manifest injustice).

[14] See *Diaz*, supra.