**SECOND DIVISION**
**MILLER, P. J.,**
**BROWN and GOSS, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 11, 2019**

# In the Court of Appeals of Georgia

A18A1613. TROUTMAN v. THE STATE.

BROWN, Judge.

This is the second appearance of this case before this Court. In its first appearance, Jeremy Ray Troutman, following his guilty plea and convictions for armed robbery, aggravated assault, kidnapping, and possession of a knife during the commission of a felony,[1] challenged the trial court's denial of his motion to withdraw his guilty plea and to reduce his sentence on the grounds that trial counsel was

---

[1] The trial court nol prossed a false imprisonment charge, one additional charge of aggravated assault, and four additional charges of possession of a knife during the commission of a felony, and sentenced Troutman as follows on the remaining convictions: twenty years for armed robbery, ten years for aggravated assault (to run consecutive to the armed robbery sentence), fifteen years for kidnapping (to run consecutive to the aggravated assault sentence), and five years for possession of a knife during the commission of a felony (to run consecutive to the kidnapping sentence). The trial court also imposed a recidivist sentence on the armed robbery and aggravated assault convictions pursuant to OCGA § 17-10-7 (c).

ineffective and that Troutman did not knowingly, intelligently, or voluntarily enter his guilty plea. In an unpublished opinion, we affirmed the majority of the trial court's order, but agreed that the trial court should have merged the aggravated assault conviction into the armed robbery conviction for purposes of sentencing. Accordingly, we vacated Troutman's sentence and remanded the case for resentencing, but also indicated that "[t]he sentence was otherwise legal." The Supreme Court of Georgia denied Troutman's petition for certiorari and, after remand, the trial court held a resentencing hearing and merged the aggravated assault conviction into the armed robbery conviction.[2] One day before that hearing, Troutman filed an objection to resentencing and renewal of his motion to withdraw his guilty plea, which the trial court denied at the hearing and in a subsequent written order. Troutman now appeals from the entry of his new sentence and the denial of his renewed motion and objection to resentencing, arguing that pursuant to *Kaiser v. State*, 285 Ga. App. 63 (646 SE2d 84) (2007), he was permitted to withdraw his guilty

---

[2] Troutman's sentence otherwise remained the same: twenty years for armed robbery under the recidivist statute (OCGA § 17-10-7 (c)), fifteen years for kidnapping (to run consecutive to the sentence imposed for armed robbery), and five years for possession of a knife during the commission of a felony (to run consecutive to the sentence imposed for kidnapping).

2

plea prior to resentencing because his original sentence was void. We disagree and affirm.

Citing to *Kaiser*, which, in turn, cites OCGA § 17-7-93 (b), Troutman argues that because his "original sentence was deemed void" and vacated by this Court, he had an absolute right to withdraw his guilty plea in its entirety before resentencing. He claims that this Court recognized in *Kaiser* that where a portion of a sentence is void, the defendant has an absolute right to withdraw his full plea. See *Kaiser*, 285 Ga. App. at 64, n. 1.

We considered this same argument under similar facts in *Murray v. State*, 314 Ga. App. 240 (723 SE2d 531) (2012) ("*Murray II*"), and rejected it. In that case, the defendant pled guilty to two counts of aggravated assault with a deadly weapon, two counts of armed robbery, and one count of robbery. *Murray v. State*, 307 Ga. App. 621 (705 SE2d 726) (2011) ("*Murray I*"). The trial court denied the defendant's motion to withdraw his guilty plea on the aggravated assault and armed robbery charges on the ground of ineffective assistance of counsel, and he appealed. Id. at 622-623. We affirmed most of the trial court's order, but found that the aggravated assault convictions merged into the armed robbery convictions. Id. at 628 (3). Accordingly, we vacated the aggravated assault convictions and the sentences entered

3

thereon, and remanded the case to the trial court for resentencing. Id. Upon remand, and before resentencing, the defendant filed another motion to withdraw his guilty plea, arguing that he should be permitted to withdraw his guilty plea as to all five charges "where the sentences imposed for some of the counts are void." *Murray II*, 314 Ga. App. at 240. The trial court denied the motion, ruling that the sentences on the armed robbery convictions were not void; thus, the defendant did not have a right to withdraw his guilty plea to those counts. Id. at 241. We affirmed, ruling that because "there was no basis for finding that the sentences entered on the armed robbery and robbery convictions in this case were void, and the trial court imposed separate and distinct sentences for each of the convictions, the trial court did not err in denying [the defendant's] motion to withdraw his guilty plea as to those counts." (Footnotes omitted.) Id. at 241-242.

In Troutman's prior appeal, we agreed that his aggravated assault conviction merged with his armed robbery conviction. Accordingly, we vacated the aggravated assault conviction and the sentence entered thereon, and remanded the case to the trial court for resentencing. Troutman now contends that he is entitled to withdraw his guilty plea on the remaining three counts (armed robbery, kidnapping, and possession of a knife during the commission of a felony) because we found his sentence on the

4

aggravated assault conviction to be void. As in *Murray II*, this argument fails.[3] See also *Humphrey v. State*, 299 Ga. 197, 198-199 (1) (787 SE2d 169) (2016) (where only a "discrete provision" of defendant's sentence was invalidated – expressly leaving all other provisions of sentence intact – defendant ineligible to withdraw his guilty plea).

*Judgment affirmed. Goss, J., concurs. Miller, P. J., concurs in judgment only.\**

**\*THIS OPINION IS PHYSICAL PRECEDENT ONLY. COURT OF APPEALS RULE 33.2 (a).**

---

[3] Our decision in *Murray II* explains why *Kaiser* and *Clue v. State*, 273 Ga. App. 672 (615 SE2d 800) (2005), are distinguishable and we will not reiterate what we already have explained. *Murray II*, 314 Ga. App. at 242, n. 13.