# Court of Appeals
# of the State of Georgia

ATLANTA,  September 11, 2023

*The Court of Appeals hereby passes the following order:*

**A23A0910.  ATKINSON v. THE STATE.**

This appeal is taken from a December 2022 order correcting what the trial court termed a "scrivener's error" contained in Robert Atkinson's sentence for aggravated sexual battery and child molestation. While this order does not expressly deny Atkinson's October 2019 motion to vacate his sentence and withdraw his guilty plea, that appears to be the order's effect, based on the record sent to us. However, the record is ambiguous with respect to the handling and ultimate outcome of that motion, and it is for that reason that we remand this case to the trial court for clarification.

At a hearing held on the morning of March 13, 2020, Atkinson argued that his sentence was void because neither count included the split sentence required by former OCGA § 17-10-6.2 (b) and that he therefore had the right to withdraw his plea. See *Kaiser v. State*, 285 Ga. App. 63, 68-69 (646 SE2d 84) (2007). After further argument and a recess, the State represented that Atkinson had in fact withdrawn his plea "th[at] morning" and renewed its plea offer on the same charges "for 30 days." The trial court appears to have agreed that Atkinson's plea had been withdrawn when it stated that Atkinson needed to decide whether to accept the State's renewed offer or go to trial. Following these March 2020 hearings, the record is silent as to the outcome of Atkinson's motion to withdraw his plea until December 22, 2022, when the trial court entered an order correcting the "scrivener's error" of the sentence on the aggravated sexual battery count as not conforming to applicable split sentence law, but stating that "[a]ll other terms and conditions of the sentence will remain

unchanged." There is no written order in the record sent to us vacating Atkinson's sentence or allowing him to withdraw his plea.

OCGA § 5-6-48 (d) provides in relevant part: "At any stage of the proceedings, either before or after argument, the court shall . . . require the trial court to make corrections in the record or transcript or certify what transpired below which does not appear from the record on appeal, . . . or take any other action to perfect the appeal and record so that the appellate court can and will pass upon the appeal and not dismiss it." On the record before us, it is not clear whether Atkinson withdrew his plea. Given the ambiguity of the record, we need an express ruling on this threshold issue. Moreover, if the trial court determines that the plea was not withdrawn, it needs to decide in the first instance whether the sentence imposed in December 2022 is void in any respect, and if so, the consequence of that finding. See *Bolish v. State*, 365 Ga. App. 855, 856-857 (880 SE2d 345) (2022) (life sentence with 25 years to serve was "inartful" but not void), disapproving *Upton v. State*, 350 Ga. App. 535, 539-540 (3) (829 SE2d 791) (2019); *Kaiser*, 285 Ga. App. at 64 n.1 (when the vacated portion of a sentence is part of a "package deal," a defendant should be permitted to withdraw an entire plea); *Clue v. State*, 273 Ga. App. 672, 675 (615 SE2d 800) (2005) (trial counsel was ineffective in not arguing for withdrawal of a guilty plea where a sentence was void as to some but not all counts). But see *Murray v. State*, 314 Ga. App. 240, 241-242 (723 SE2d 531) (2012) (where a trial court had "imposed separate and distinct sentences for each of the convictions," a defendant was not entitled to withdraw his guilty plea after a determination that one of the counts merged into another).

Based on the above, we REMAND this case for an evidentiary hearing and findings in a written order as to (1) whether Atkinson withdrew his plea in March 2020; (2) if not, whether any portion of his December 2022 sentence, including as to the second (child molestation) count, is void; and (3) if so, whether Atkinson now has a right to withdraw his plea. Atkinson shall have 30 days to file a notice of appeal

from the trial court's new order.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* <u> 09/11/2023   </u>

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

<u>  Stephen E. Castlen    </u> *, Clerk.*