## A07A1915. HAMMETT v. THE STATE.
### (653 SE2d 852)

ADAMS, Judge.

Antron Tremaine Hammett appeals from the denial of his motion to withdraw his guilty plea, alleging that the attorney who represented him during the plea proceedings was ineffective. We affirm.

> A ruling on a motion to withdraw a guilty plea lies within the sound discretion of the trial court and will not be disturbed absent a manifest abuse of such discretion. When the validity of a guilty plea is challenged, the state bears the burden of showing affirmatively from the record that the defendant offered his plea knowingly, intelligently, and voluntarily. However, if the motion to withdraw is based on an ineffective assistance of counsel claim, the defendant bears the burden of showing that, had it not been for the attorney's deficient representation, a reasonable probability exists that he would have insisted on a trial.

(Citation omitted.) *Terrell v. State*, 274 Ga. App. 539, 540 (2) (618 SE2d 175) (2005).

Hammett was charged with trafficking in cocaine and possession of a firearm during the commission of a crime. Hammett entered a guilty plea to the indictment on September 13, 2006. As part of his negotiated plea, the trial court nolle prossed the firearm charge. Over objection of the State, Hammett was also given first offender treatment. Also as part of the plea bargain, Hammett was allowed to testify at the plea hearing that if the case came to trial, he would testify that his co-defendant had no knowledge of the contraband. Based on this testimony, the state agreed to nolle prosse the trafficking charges against the co-defendant.

Hammett was sentenced on September 14, 2006, and on September 25 he filed a pro se motion to withdraw his guilty plea. Following a hearing, the trial court denied Hammett's motion to withdraw his plea, and Hammett filed this appeal.

1. Hammett first contends his plea attorney was ineffective because he did not spend an adequate amount of time with him preparing for his defense. Hammett testified at the motion for new trial hearing that he only met with his plea attorney three times prior

to entering his plea.[1] However, Hammett also testified that the reason he pled guilty was so that he could give testimony exonerating his co-defendant and to receive the benefits of the deal that was being offered in exchange for his plea. He agreed that in exchange for those conditions he had waived the issues he now asserts concerning his plea attorney's representation. Thus Hammett has failed to show how his plea attorney's alleged inadequate preparation resulted in his decision to plead guilty instead of insisting that his case go to trial. Under these circumstances, we find no merit to Hammett's first enumeration of error.

2. Hammett also contends his attorney was ineffective because he did not file a motion to suppress. "[W]hen trial counsel's failure to file a motion to suppress is the basis for a claim of ineffective assistance, the defendant must make a strong showing that the damaging evidence would have been suppressed had counsel made the motion." (Citation and punctuation omitted.) *Davis v. State*, 267 Ga. App. 245, 246 (2) (599 SE2d 237) (2004). Hammett's plea attorney testified that Hammett contended that he did not consent to the search of his vehicle and that he and Hammett discussed the filing of a motion to suppress on this basis on several occasions.[2] The attorney further testified that after viewing the videotape of the search it was his opinion that Hammett had in fact consented to the search and that a motion to suppress filed on this basis would be denied. He also testified that he had at least one other attorney view the videotape "to make sure there was nothing there that [he] missed." The plea attorney also testified that he advised Hammett of his conclusions, but told him he would nevertheless file the motion on his behalf if Hammett wanted him to proceed. Finally, although Hammett testified he had never been afforded the opportunity to view the videotape of the stop, his plea attorney testified that he had turned the tape over to Hammett's current attorney the day before the hearing on Hammett's motion to withdraw his guilty plea. The videotape was not offered into evidence at the hearing and thus the trial court was authorized to believe the plea attorney's testimony that the videotape showed that Hammett in fact consented to the search, even though Hammett testified at the hearing that he did not give his consent. Hammett has failed to meet his burden of making a "strong showing" that a motion to suppress the contraband based on lack of consent for

---

[1] Hammett had other counsel from the public defender's office prior to his plea attorney taking over the case when his original attorney took a position with the district attorney's office. He testified he met with his original counsel once or twice prior to his plea attorney taking over the case.

[2] The record reflects that the plea attorney did file a general motion to suppress as part of a motion's packet but later withdrew the motion.

the search would have been meritorious. *Wynn v. State*, 252 Ga. App. 648, 650 (3) (556 SE2d 863) (2001); *Parker v. State*, 244 Ga. App. 419, 424 (9) (535 SE2d 795) (2000).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 6, 2007.

*Michael B. Nation*, for appellant.

*Richard R. Read, District Attorney, Roberta A. Earnhardt, Assistant District Attorney*, for appellee.