A10A1184. MURRAY v. THE STATE.
(701 SE2d 579)

PHIPPS, Presiding Judge.

While represented by counsel, Jamal Murray entered a negotiated plea of guilty to armed robbery in Clayton County Superior Court. Murray appeals from the denial of his motion to withdraw his

guilty plea, contending that he should have been permitted to withdraw the plea because he entered it as a result of having received ineffective assistance of trial counsel. Specifically, Murray argues that counsel was ineffective because he failed to file a motion to suppress evidence seized from his person during his arrest.[1] At the hearing on the motion to withdraw the plea, Murray testified that he would not have pleaded guilty had he known that he "could have got some of [the evidence] suppressed."

A ruling on a motion to withdraw a guilty plea lies within the sound discretion of the trial court and will not be disturbed absent a manifest abuse of such discretion.[2] After sentence is pronounced, withdrawal of a guilty plea is allowed only to correct a manifest injustice.[3] If the defendant bases his motion to withdraw on an ineffective assistance of counsel claim, he bears the burden of showing that his attorney's performance was deficient and that, but for counsel's errors, a reasonable probability exists that he would have insisted on a trial.[4] More specifically, where the ineffectiveness claim underlying the motion to withdraw the plea is based on counsel's failure to file a motion to suppress, the defendant must make a strong showing that the damaging evidence would have been suppressed had counsel made the motion.[5] Murray has not made a strong showing that the evidence would have been suppressed, so we affirm.

At the plea hearing, the prosecutor stated the factual basis for Murray's guilty plea: Murray and Derrick Todd approached the victim; Todd "pulled a gun out" on the victim while Murray reached into the victim's pockets and took his cell phone and cash; Murray and Todd ran and were caught by police; and Todd had a gun on his person that was used in the robbery. The prosecutor added: "This happened in Clayton County."

In an affidavit, the arresting officer stated (among other things) that the victim and another person had identified Murray and Todd as the assailants, and that he captured Murray about five minutes after the robbery occurred.

At the hearing on his motion to withdraw the plea, Murray testified that the arresting officer claimed in a report that he had stopped him and Todd because a janitor had flagged the officer down and reported that the two men "had just robbed somebody." Murray

---

[1] The record shows that trial counsel did file a motion to suppress, albeit not on the ground urged here.

[2] *Bishop v. State*, 299 Ga. App. 241 (682 SE2d 201) (2009).

[3] *Skinner v. State*, 297 Ga. App. 828, 828-829 (678 SE2d 526) (2009).

[4] Id. at 829; *Bishop*, supra.

[5] *Bishop*, supra; *Hammett v. State*, 288 Ga. App. 255, 256-257 (2) (653 SE2d 852) (2007).

testified that the officer pointed a gun at him and Todd and told them to get down, then took "the victim's cell phone and money" from them.

Murray asserts that the cell phone and money should have been suppressed because the police officer "may not have had jurisdictional authority" to arrest him. He says the "CLAYTON COUNTY ... WARRANTLESS ARREST PROBABLE CAUSE AFFIDAVIT" signed by the arresting officer was sworn to before a *Henry* County notary public, and there was no evidence that the officer who arrested him worked for the *Clayton* County Police Department.

A warrantless arrest is constitutionally valid if at the time of the arrest the arresting officer has probable cause to believe the accused has committed or is committing an offense.[6] And a warrantless search is authorized if conducted pursuant to a lawful arrest.[7] Suppression of evidence obtained during a warrantless arrest by officers acting outside their jurisdiction is not required where the arrest was made with sufficient probable cause (and not in the suspect's home).[8] As stated above, based on the ground upon which he appeals, Murray bears the burden of making a strong showing that a motion to suppress would have succeeded.

Murray has made no claim that the officer lacked probable cause to arrest him. Because exclusion of the evidence was not required where the arrest was made with sufficient probable cause,[9] the issue of whether the arresting officer worked for Clayton County is not relevant.[10] Murray had the burden of making a strong showing that the evidence would have been suppressed had counsel filed a suppression motion on the ground urged.[11] Failure to pursue a meritless motion does not amount to ineffective assistance.[12] Inasmuch as Murray's counsel was not deficient for failing to file the motion, we do not reach the issue of whether Murray would have

---

[6] *Devega v. State*, 286 Ga. 448, 451 (4) (b) (689 SE2d 293) (2010).

[7] *Harvey v. State*, 266 Ga. 671, 672 (469 SE2d 176) (1996).

[8] *Devega*, supra.

[9] Id. (even if arresting officers were outside of their jurisdiction, suppression of the fruits of the arrest is not required because the arrest was made with sufficient probable cause and in an office, rather than in the sanctity of the home).

[10] See id. We note that the trial court found that the officer was employed by Clayton County; further, because notarial acts may be performed in any county in the state, the fact that a notary public is commissioned by a particular county is not probative regarding the county in which the affiant is employed. See OCGA § 45-17-9.

[11] See *Bishop*, supra; *Hammett*, supra (on appeal from denial of motion to withdraw plea, appellant alleging ineffective assistance of counsel based on failure to file suppression motion must make strong showing that the evidence would have been suppressed had counsel made motion; where there was no such showing, judgment was affirmed).

[12] *Souder v. State*, 301 Ga. App. 348, 353 (4) (a) (687 SE2d 594) (2009).

insisted on going to trial.[13] The trial court did not abuse its discretion in denying Murray's motion to withdraw his guilty plea, which was based on ineffective assistance of counsel.[14]

*Judgment affirmed. Miller, C. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 16, 2010.

*James W. Bradley*, for appellant.

*Tracy Graham-Lawson, District Attorney, Sheryl D. Freeman, Assistant District Attorney*, for appellee.

---

[13] See generally *Hammett*, supra.

[14] See *Bishop*, supra at 244-245; see *Williams v. State*, 296 Ga. App. 270, 273-274 (1) (b) (674 SE2d 115) (2009) (affirming court's denial of motion to withdraw guilty plea based on ineffective assistance claim; failure to file meritless motion to suppress did not amount to ineffective assistance).