A11A0113. BULLARD v. THE STATE.
(706 SE2d 154)

MCFADDEN, Judge.

Michael L. Bullard pled guilty in September 2009 to two counts of incest, two counts of sexual exploitation of children, and one count of possessing cocaine. The following month, Bullard moved to withdraw his plea, and the trial court denied the motion. Bullard appeals. He argues that plea counsel was deficient in failing to move to suppress evidence seized pursuant to a search warrant which he claims lacked a sufficient description of the items to be seized and was therefore invalid; but the evidence of record does not support his claim. He further argues that the trial court improperly allocated the burden of proof with respect to his motion to withdraw, but he fails to support that argument. We therefore affirm.

The record shows that in August 2008, Bullard's seventeen-year-old stepdaughter reported to authorities that she had been sexually abused by Bullard on multiple occasions over a two-year period. She also indicated that Bullard had videotaped their encounters. Police obtained a search warrant for Bullard's residence, and the search produced the video camera described by the victim, camera equipment, videotapes showing sexual intercourse between Bullard and the victim, and bags containing cocaine and marijuana.

Bullard was charged with thirteen sex offenses and two drug offenses. He admitted to having sexual relations with his stepdaughter, and shortly before trial, he entered plea negotiations with the State. As a result of those negotiations, Bullard pled guilty to five of the fifteen counts, and the State nolle prossed the remaining charges. The trial court sentenced Bullard to a total of twenty years, with eight years to be served in confinement and the balance on probation.

A few weeks later, Bullard moved to withdraw his plea. He argued, among other things, that he had received ineffective assistance of counsel prior to the plea. Specifically, he cited defense counsel's failure to file a motion to suppress evidence seized pursuant to the search warrant. According to Bullard, the warrant was invalid because it did not describe with particularity the evidence to

be seized; and all evidence obtained during the search should therefore have been suppressed.

1. Once sentence is pronounced, withdrawal of a guilty plea will only be allowed "to correct a manifest injustice." *Murray v. State*, 306 Ga. App. 106, 107 (701 SE2d 579) (2010). Such injustice may result from ineffective assistance of counsel. See id. To establish ineffective assistance, however, the defendant must demonstrate that his attorney's performance was deficient and that, but for the deficiency, he likely would not have pled guilty. Id. Moreover, when the ineffective assistance claim is based on counsel's failure to file a motion to suppress, "the defendant must make a strong showing that the damaging evidence would have been suppressed had counsel made the motion." Id.

Bullard cannot make this "strong showing" here. It is true that a search warrant must "particularly describe" the things to be seized during the search. *Groh v. Ramirez*, 540 U. S. 551, 557 (124 SC 1284, 157 LE2d 1068) (2004); see also OCGA § 17-5-23. But a warrant may meet this requirement by cross-referencing other included documents. See *Groh*, supra at 557-558. And in this case, the warrant states that the description of items to be seized is contained in "Exhibit C."

Bullard argued below that "Exhibit C" was never attached to the warrant, rendering it invalid. He demonstrated, and the State conceded, that the copy of the warrant he received in discovery did not include "Exhibit C." But he presented no evidence that the warrant actually signed by the magistrate in 2008 and used to execute the search lacked the exhibit. In fact, he did not offer any testimony or documentary evidence regarding the original warrant or its contents.

Given the state of the record, Bullard cannot demonstrate that evidence seized pursuant to the search warrant would have been excluded had defense counsel filed a motion to suppress. Simply put, he has not shown that the warrant was invalid. The trial court, therefore, properly denied his motion to withdraw on this ground. See *Murray*, supra.

2. Alternatively, Bullard argues that the trial court erroneously shifted the burden of proof to him at the hearing on his motion to withdraw. We disagree.

As recognized by the trial court, the State bore the burden of proving that Bullard knowingly and voluntarily entered his plea. See *Sallins v. State*, 289 Ga. App. 391, 392 (657 SE2d 309) (2008). To meet this burden, the State relied upon the transcript from Bullard's guilty plea hearing, as it was entitled to do. See *Boykins v. State*, 298 Ga. App. 654, 655 (2) (680 SE2d 665) (2009) (State may meet burden by "demonstrating from the record of the guilty plea hearing that

the defendant understood all of the rights he was waiving and the possible consequences of his plea"). No improper burden shifting occurred on this issue, and the trial court properly found that Bullard bore the burden of proof with respect to the ineffective assistance claim. See *Sallins*, supra. Accordingly, the trial court did not err in allocating the burden of proof.

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 10, 2011.

*Mack & Harris, Robert L. Mack, Jr.*, for appellant.
*Tracy Graham-Lawson, District Attorney*, for appellee.