**September 23, 2025**

# In the Court of Appeals of Georgia

A25A0784. ROBERTS v. THE STATE.

PADGETT, Judge.

Michael Scott Roberts was indicted by a grand jury and charged with seven counts of child molestation and forty-two counts of sexual exploitation of children. Prior to the scheduled trial date, Roberts waived his right to a jury trial and entered an open guilty plea as to all counts within the indictment without entering into a negotiated plea agreement. Following sentencing, Roberts filed a timely motion to withdraw his guilty plea and a separate motion to vacate his sentence in which he claimed the sentence was void. The trial court conducted an evidentiary hearing and denied both motions. Roberts appeals from the trial court's denial of his post-

sentencing motions and for the following reasons, we affirm in part, and vacate in part and remand the case to the trial court.

Roberts was arrested for an unrelated offense and, while in custody, made a point of asking several people to secure his cell phone from the residence he shared with his wife and daughter. His wife became curious about why Roberts seemed overly concerned with securing his cell phone while incarcerated and, because she actually owned the phone, she decided to look through the contents of the phone. Roberts' wife came upon hundreds of videos and pictures which depicted their daughter nude, in the shower, and posed in a sexually suggestive manner. The child was approximately nine years old at the time the photos and videos were created. Roberts' wife called law enforcement and turned the phone over to them. Law enforcement officials obtained a search warrant for the phone and extracted the photos and videos.

At the plea hearing, the trial court engaged Roberts in a verbal colloquy concerning his rights and Roberts indicated that his decision to plead guilty was being made freely and voluntarily. The trial court sentenced Roberts to a total of 120 years,

with the first 60 years to be served in confinement, followed by an additional 60 years on probation.[1]

1. Roberts argues that several counts which charge him with sexual exploitation of children should have merged at the time of sentencing. "Whether offenses merge is a legal question, which an appellate court reviews de novo." *Johnson v. State*, 313 Ga. 155, 159 (4) (868 SE2d 226) (2022) (citation and punctuation omitted). "A conviction that merges with another conviction is void and a sentence imposed on such a void conviction is illegal and will be vacated if noticed by the reviewing court, even if no merger claim was raised in the trial court and even if the defendant does not enumerate the error on appeal." *Ray v. State*, 359 Ga. App. 637, 641 (3), n. 19 (859 SE2d 793) (2021) (citations and punctuation omitted).

Roberts's indictment alleged forty-two counts of sexual exploitation of a child arising from the digital files containing videos and photographs found on his cell

---

[1] The trial court later amended the sentence after finding, with the consent of the parties, that Count 29 alleging sexual exploitation of a child merged with Court 27 and entered a separate order setting forth that finding. Additionally, by way of an "Order Clarifying Sentence" which was entered on December 6, 2023, the trial court amended and clarified the sentence previously imposed. Throughout this opinion, our references to the sentences imposed is based upon the order entered on December 6, 2023.

phone. In some instances, the indictment charges Roberts with two separate crimes arising from one digital file. For example, count 9 charges Roberts with *creat[ing]* a digital file titled "20220727" containing a visual medium depicting a minor or a portion of a minor's body engaged in any sexually explicit conduct. See OCGA § 16-12-100 (b) (5) ("If is unlawful for any person to knowingly *create*. . . a visual medium which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct") (emphasis supplied). Count 10 of the indictment then charges Roberts with knowing "*possess[ion] and control*" of the same digital file, identified by the same unique file name as appeared in count 9. See OCGA § 16-12-100 (b) (8) ("It is unlawful for any person knowingly to possess or control a material which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct") (emphasis supplied). Roberts contends that count 10 should have merged with count 9 for the purposes of sentencing.[2]

Roberts describes this issue as one involving merger and argues that the "required evidence" test should apply. However, the "required evidence" test applies to a merger analysis "where the same act or transaction constitutes a violation

---

[2] Roberts presents identical arguments relating to counts 13 and 14, 15 and 16, 17 and 18, 25 and 38, 39 and 40, 42 and 43, 44 and 45, 37 and 46, and 41 and 48.

of two distinct statutory provisions." *Johnson*, 313 Ga. at 158 (3). But, as in this case, when a defendant claims that he has been improperly convicted and sentenced for multiple counts involving the *same* statute, we review this case using a a unit of prosecution analysis and the "required evidence" test is inapplicable. Id. at 158 (3).

> 'Merger' refers generally to situations in which a defendant is prosecuted for and determined by trial or plea to be guilty of multiple criminal charges but then, as a matter of substantive double jeopardy law, can be punished—convicted and sentenced—for only one of those criminal charges. A unit-of-prosecution analysis, which 'requires careful interpretation of the criminal statute at issue to identify the unit of prosecution—the precise act or conduct that the legislature criminalized,' should be applied to determine whether 'multiple counts of the same crime' merge.

*State v. Shropshire*, 318 Ga. 14, 15-16 (2) (896 SE2d 541) (2023) (citations and punctuation omitted). Because the counts of the indictment about which Roberts complains all charge him with the same crime - sexual exploitation of children - the unit of prosecution analysis is the appropriate lens through which to view this enumeration of error. The question presented, when performing a unit of prosecution analysis, is what precise act the statute intended to criminalize. *Edvalson v. State*, 310 Ga. 7, 8 (849 SE2d 204) (2020).

"The Double Jeopardy Clause imposes few limits upon the legislature's power to define offenses. Whether a particular course of conduct involves one or more distinct offenses under the statute depends on this legislative choice." *Taylor v. State,* 374 Ga. App. 126, 133 (4) (911 SE2d 684) (2025) (citation and punctuation omitted).

(a) *Sexual exploitation of children offenses that occurred prior to July 1, 2022*

In *Edvalson v. State*, 310 Ga. at 10, our Supreme Court applied the unit of prosecution analysis to the former version of the sexual exploitation of children statute, OCGA § 16-12-100 (b) (5) (2017), to determine whether or not a defendant who was in possession of multiple images depicting child pornography could be separately prosecuted and sentenced for the possession of *each* image in their possession. In doing so, our Supreme Court held that the legislative choice made in OCGA § 16-12-100 (b) (5) "must be read in light of the definition provided by the General Assembly in OCGA § 16-12-100 (a) (5): 'Visual medium' means *any* film, photograph, negative, slide, magazine, or other visual medium." Id. at 10 (emphasis supplied). The *Edvalson* court went on to conclude that the language of OCGA § 16-12-100 (b) (5) was unambiguous because the word "'any' in the phrase 'any visual medium' must be interpreted as a quantitative term, implying no specific quantity and

having no limit" and thus, the statute would only permit one conviction for the simultaneous possession of different items that qualified as "visual medium" under the statute, regardless of the number of different images possessed. Id. at 10.

The General Assembly subsequently amended OCGA § 16-12-100 by changing the language of subsections (b) (5) through (8) and by adding subsection (b.1).[3] See Ga. L. 2022, Act 648 (H. B. 1188). Subsections (b) (5) through (8) were amended to change the language of each of those subsections, deleting the word "any" from each subsection and substituting the word "a." Ga. L. 2022, Act 648 (H. B. 1188). The resulting language of subsection (b) (5) provides that:

> It is unlawful for any person knowingly to create, reproduce, publish, promote, sell, distribute, give, exhibit, or possess with intent to sell or distribute a visual medium which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct.

OCGA § 16-12-100 (b) (5) (2022). Similarly, the resulting language of subsection (b) (8) provides that:

---

[3] Our Supreme Court acknowledged this amendment in *Winslow v. State*, 315 Ga. 133, 145 (4), n. 9 (4) (880 SE2d 530) (2022).

7

It is unlawful for any person knowingly to possess or control a material which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct.

OCGA § 16-12-100 (b) (8) (2022). Additionally, as part of the 2022 amendment, the legislature enacted subsection (b.1), which now provides:

(b.1) For any violation of paragraph (5), (6), (7), or (8) of subsection (b) of this Code section involving multiple visual mediums, mediums, or materials, *each visual medium, medium, or material connected to such violation shall constitute a separate offense*.

OCGA § 16-12-100 (b.1) (2022) (emphasis supplied). The legislature did not amend the definition of "visual medium" in subsection (a) (5) as part of the 2022 amendment to OCGA § 16-12-100.

The amended version of OCGA § 16-12-100 (2022) took effect on July 1, 2022.[4] Counts 42 through 45 of the indictment charged Roberts with sexual exploitation of children for offenses involving multiple digital files containing explicit images and alleged that the offenses occurred prior to July 1, 2022. Under the holding in *Edvalson*, supra, the charges contained in counts 42 through 45 of the indictment can only result

_____

[4] OCGA § 1-3-4 (a) (1) provides that the effective date of any change to the law is the first day of July, unless another effective date is specified in the act.

8

in a single conviction. *Edvalson,* 310 Ga. at 10 ("we conclude that OCGA § 16-12-100 (b) (5) is unambiguous and permits only one prosecution and conviction for the simultaneous possession of multiple items of 'visual media.'") (footnote omitted). See also *Macky v. State*, 360 Ga. App. 189, 193 (860 SE2d 863) (2021) (applying former OCGA § 16-12-100 (b) (5) (2017)); *Bryson v. State*, 350 Ga. App. 206, 207 (2) (828 SE2d 450) (2019) ("a crime is to be construed and punished according to the provisions of the law existing at the time of its commission") (citation and punctuation omitted). Because the offenses charged in counts 42 through 45 should have merged, the resulting sentence on those counts is rendered void, must be vacated, and the case must be remanded as to those counts. *Ray*, 359 Ga. App. at 641 (2), n. 19; *Evaldson,* 310 Ga. at 10-11.

(b) *Sexual exploitation of children offenses that occurred after July 1, 2022*

Roberts argues that the sexual exploitation of children counts that charge him with both creating and possessing the same specific visual medium should merge. Neither party has cited precedent directly on point and, despite an exhaustive search, we have not found any. OCGA § 16-12-100 (b) (1) through (8) lists eight different acts which are criminalized under the statute. Roberts was charged with violating

9

subsection (b) (5) (creation) and (b) (8) (possession) involving the same visual medium.

Our Supreme Court has held that appellate courts should look to the text of the applicable statute itself to determine the legislative choice of "whether a particular course of conduct involves one or more distinct 'offenses' under the statute." *Johnson*, 313 Ga. at 159 (4) (citation and punctuation omitted).

> Tasked with interpreting statutory language, we necessarily begin our analysis with familiar and binding canons of construction. Indeed, in considering the meaning of a statute, our charge as an appellate court is to presume that the General Assembly meant what it said and said what it meant. And toward that end, we must afford the statutory text its plain and ordinary meaning, consider the text contextually, read the text in its most natural and reasonable way, as an ordinary speaker of the English language would, and seek to avoid a construction that makes some language mere surplusage. In summary, when the language of a statute is plain and susceptible of only one natural and reasonable construction, courts must construe the statute accordingly.

*Asekere v. State*, 373 Ga. App. 633, 636 (908 SE2d 317) (2024) (citation omitted). However, "if a criminal statute is susceptible to more than one reasonable interpretation, the interpretation most favorable to the party facing criminal liability

must be adopted." *Scott v. State*, 356 Ga. App. 152, 157 (5) (846 SE2d 241) (2020) (citation omitted).

In this case, the counts identified by Roberts as being objectionable charged him with both creating and possessing the same image as identified by the resulting file name. The amendments to OCGA § 16-12-100 (2022) did not establish that a person such as Roberts could be convicted of separate violations of subsection (b) if a single image was both created and possessed by him. Instead, the amended statute authorizes separate convictions if he is found to have created or was in possession of different images, videos or other forms of "visual medium." Had the legislature intended to have a violation of subsection (b) (5) and subsection (b) (8) relating to the same "visual medium" result in separate convictions, they could have made their intentions explicit as part of the statutory amendment. As we have previously noted, the General Assembly has employed clear, unambiguous language with respect to the applicable unit of prosecution in numerous other statutes. *Scott*, 356 Ga. App. at 159. In the absence of such clear and unambiguous language relating to the creation and possession of the same image, we must conclude that the legislature determined that violations of subsections (b) (5) through (8) that relate to separate images shall be

11

treated as separate offenses. To now find, as urged by the State, that the creation of a specific image and the possession of that same image should be treated as separate offenses would be contrary to the expressed legislative choice made by the legislature when they amended OCGA § 16-12-100 to add subsection (b.1). Therefore, we conclude that while Roberts may be charged and tried with both creating and possessing such images, he may only be convicted once for each different visual medium he was found to have created or possessed after the effective date of the amendment to OCGA § 16-12-100. See *Williams v. State*, 307 Ga. 778, 780 (838 SE2d 235) (2020) ("[w]e have made clear that the doctrine of substantive double jeopardy – concerned as it is with multiple *convictions* and *sentences* – does not come into play until after the defendant has been found guilty on multiplicitous counts) (citations and punctuation omitted; emphasis in original); *Taylor v. State*, 374 Ga. App. at 132 (4) ( ("'[m]erger' refers generally to situations in which a defendant is prosecuted for and determined by trial or plea to be guilty of multiple criminal charges but then, as a matter of substantive double jeopardy law, can be punished—convicted and sentenced—for only one of those criminal charges.").

Our holding relating to the alleged violations of OCGA § 16-12-100 (b) (5) and (8) that occurred after July 1, 2022 is demanded by the unique facts of this case. This case involves a guilty plea and, therefore, the facts of the case have not been fully developed as they might have been following a trial. Additionally, our holding is expressly based upon the manner in which the indictment returned in this case charges the violations of OCGA § 16-12-100 (b) (5) and (8) crimes. Neither the indictment nor the facts set forth during the sentencing hearing allege any facts beyond the allegations that the offenses involved the creation and possession of the same image and occurred on particular dates.

2. *Merger of child molestation counts*

Counts one through seven of the indictment charge Roberts with child molestation under OCGA § 16-6-4 (a). The offense dates for two of those counts, counts 5 and 6, allege that those offenses predate July 1, 2022. Application of the law that was in effect on those offense dates demands a similar result as we reached in Division 1 (a) of this opinion.

In *Scott v. State*, 356 Ga. App. 152, defendant was convicted of four counts of child molestation based on his uninterrupted touching of three parts of the victim's

13

body in a single, uninterrupted, incident. The Supreme Court vacated our prior opinion which applied the "required evidence" test, rejected defendant's claim that these counts should have merged, and remanded the case to this Court with direction that we apply the unit of prosecution analysis.[5] Upon remand, we concluded

> based on the text of OCGA § 16-6-4 (a) (1), the General Assembly has not, by clear and unambiguous language, provided that multiple touches to a victim, during a single uninterrupted course of conduct, authorize multiple prosecutions and convictions for separate acts of child molestation.

*Scott*, 356 Ga. App. at 162-163 (5). Therefore, we held that the four counts of child molestation merged into a single count under the unit of prosecution analysis under the version of OCGA § 16-6-4(a) (2009) in effect at that time. Id. at 163 (5).

As part of Ga. L. 2022, Act 648 (H. B. 1188) referenced above, the General Assembly also amended OCGA § 16-6-4. The General Assembly amended subsection (a) (1) and (2) by removing the word "any" and adding the word "an" to both

---

[5] Our original opinion was unpublished, *Scott v. State*, ___ Ga. App. ___ (Case No. A18A0751, decided June 29, 2018)346 Ga. App. VVIV (Case No. A18A0751) (June 29, 2018) and, on certiorari, the Supreme Court vacated our opinion and remanded the case with direction that we apply a unit of prosecution analysis as opposed to a traditional merger analysis. *Scott v. State*, 306 Ga. 507 (832 SE2d 426) (2019).

subsections (a) (1) and (2) of the statute. Ga. L. 2022, Act 648 (H. B. 1188). Additionally, the legislature added a new subsection (a.1) to the statute.

> For purposes of this Code section, when a person does an immoral or indecent act involving touching of any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of the child or the person, and such person touches such child in multiple areas of such child's body, the touching of each area shall constitute a separate offense of child molestation.

OCGA § 16-6-4 (a.1) (2022). As noted above, the effective date for this amendment to the statute was July 1, 2022. See OCGA § 1-3-4 (a) (1).

Turning to the facts of this case, counts five and six allege that Roberts committed the offense of child molestation on June 26, 2022. Therefore, the version of OCGA § 16-6-6 (a) (2009) in effect on the date of the offenses is applicable and must be read in light of our holding in *Scott*, 356 Ga. App. at 162-163. We must vacate the convictions entered on counts five and six of the indictment and remand to the trial court for resentencing on a single count.[6] See *Scott*, 356 Ga. App. at 163.

3. *Split sentence requirement set forth in OCGA § 17-10-6.2 (b)*

---

[6] Our holding does not impact the sentences imposed on the other child molestation counts of the indictment that are alleged to have occurred on or after July 1, 2022.

15

In related enumerations, Roberts argues that his sentence is void in its entirety for failure to comply with the split sentence requirements for sexual offenses under OCGA § 17-10-6.2 (b) and that his sentences on counts 7 and 9-49 are void because they fail to impose the mandatory minimum sentence required by law. We find no error.

> OCGA § 17-10-6.2 (b) provides
>
> Except as provided in subsection (c) of this Code section, and notwithstanding any other provisions of law to the contrary, any person convicted of a sexual offense shall be sentenced to a split sentence which shall include the minimum term of imprisonment specified in the Code section applicable to such sexual offense. No portion of the mandatory minimum sentence imposed shall be suspended, stayed, probated, deferred, or withheld by the court. Any such sentence shall include, in addition to the mandatory term of imprisonment, an additional probated sentence of at least one year; provided, however, that when a court imposes consecutive sentences for sexual offenses, the requirement that the court impose a probated sentence of at least one year shall only apply to the final consecutive sentence imposed. . .

Both child molestation (OCGA § 16-6-4) and sexual exploitation of children (OCGA § 16-12-100) are included within the statutory definition of a "sexual offense" under the statute. OCGA § 17-10-6.2 (a) (5) and (10).

Prior to a 2017 amendment to the statute, OCGA § 17-10-6.2 had been construed to mandate at least one year on probation on each count involving a sexual offense as defined in subsection (a) of the statute. *State v. Riggs*, 301 Ga. 63, 64-67 (1) (799 SE2d 770) (2017). In 2017, the General Assembly amended OCGA § 17-10-6.2 (b) to note that "when a court imposes consecutive sentences for sexual offenses, the requirement that the court impose a probated sentence of at least one year shall only apply to the final consecutive sentence imposed." OCGA § 17-10-6.2 (b) (2017). The offenses alleged in this case were all committed in 2022. "It has long been the law in this State that, in general, a crime is to be construed and punished according to the provisions of the law existing at the time of its commission." *Widner v. State*, 280 Ga. 675, 677 (2) (631 SE2d 675) (2006) (citations omitted). Therefore, the form of OCGA § 17-10-6.2 (b) that is applicable in this case includes the 2017 amendment to the statute.

Roberts contends that his entire sentence is void because the sentence imposed on count 19, the last consecutive sentence, was not a split sentence that included at least one year on probation. *Jackson v. State*, 338 Ga. App. 509, 510 (790 SE2d 295) (2016). OCGA § 16-12-100 (f) (1) (2022) provides that a defendant convicted of the

offense shall be sentenced to a period of imprisonment for not less than five nor more than 20 years. Under the plain terms of OCGA § 17-10-6.2 (b) no mandatory term of imprisonment established for a sexual offense identified in the statute shall be suspended, stayed, probated, deferred, or withheld by the sentencing court. Roberts argues that because the sentence imposed on count 19 did not include the mandatory five year confinement term as required by OCGA § 16-12-100 (f) (1), the sentence is void. Further, Roberts contends that because the resulting overall sentence in the case as a whole would not include at least one year on probation if the sentence imposed on count 19 is void, the entire sentence would be rendered void for failure to comply with the provisions of OCGA § 17-10-6.2.

Following the hearing on the post-sentencing motions filed in this case, the trial court issued a written order in which it noted that OCGA § 17-10-6.2 (c) allows the trial court to deviate from the mandatory minimum sentences set forth in subsection (b) of the statute. OCGA § 17-10-6.2 (c) allows for the trial court to issue a downward deviation from the minimum mandatory periods of confinement established for sexual offenses, either upon agreement to such a deviation by both the prosecuting attorney and the defendant or where the trial court makes specific findings required under the

statute concerning the nature of the offense and the defendant's prior record for similar offenses. Under OCGA § 17-10-6.2 (c) (2), the trial court is required to issue a written order which includes its findings when it deviates from the mandatory minimum period of confinement provided for in the relevant statute. There is no requirement in the statute for such written order to be entered at a particular point in time or that the trial court make specific verbal findings concerning the deviation at the time that sentence is imposed. We have previously noted that where there is a claim that the trial court made a deviation under OCGA § 17-10-6.2 (c), we will consider what was said during the sentencing hearing, what was included within the written sentence or in a subsequent order addressing claims of a void sentence. *Thomas v. State*, 371 Ga. App. 250, 251 (3) n. 3 (899 SE2d 854) (2024). The trial court made the requisite written findings within its order resolving the post-sentencing motions filed by Roberts and specifically addressed all of the issues required in OCGA § 17-10-6.2 (c).

We have held that the trial court has discretion to deviate from the mandatory minimum sentence for an offense covered by OCGA § 17-10-6.2 provided that the required factual findings are made. *State v. McCauley*, 353 Ga. App. 94, 96 (834 SE2d

567) (2019). Whether the different counts of a multi-count indictment would constitute "relevant similar transactions" under this statute is a matter of discretion for the trial court to determine and there is no "hard and fast rule about how to treat such multi-count indictments." Id. at 98. The trial court's order adequately addressed the required findings relating to the downward deviation, particularly in light of the overall structure of the sentence imposed in this case which resulted in Roberts being ordered to serve sixty years in confinement, followed by sixty years on probation.

Roberts incorrectly asserts that a downward deviation under OCGA § 17-10-6.2 (c) (1) requires the consent of both the prosecutor and the defendant. The plain language of the statute provides a trial court may deviate from the mandatory minimum period of incarceration *either* upon the consent of both parties *or* upon the trial court's own motion, provided that the requisite findings set forth in subsections (A) through (F) are made by the trial court. *McCauley*, 353 Ga. App. at 96 ("whether or not to downwardly deviate under OCGA § 17-10-6.2 rests in the sound discretion of the trial court, so long as the requirements are met"). This conclusion is bolstered by consideration of the provisions set forth in OCGA § 17-10-6.2 (c) (2) which allows either party to appeal from a deviation "unless the sentence imposed was pursuant to

an agreement by the prosecuting attorney and the defendant." If the statute demanded consent of both parties, there would be no need for this appeal authorization to exist. *Traba v. Levett*, 369 Ga. App. 423, 426 (893 SE2d 823) (2023) (when constructing statutes, we avoid a construction that makes some language mere surplussage).

Based upon the above, we find that the trial court appropriately exercised its discretion to deviate from the mandatory minimum period of incarceration called for under OCGA § 16-12-100 as to counts 7 and 9 through 49 of the indictment. The trial court issued a detailed written order setting forth its reasons for the deviation as required under OCGA § 17-10-6.2 (c). Further, we conclude that the sentence imposed was not void for its failure to comply with the provisions of OCGA § 17-10-6.2 in that count 19 of the indictment constitutes the last consecutive sentence and at least one year of that sentence was probated.

4. *Ineffective assistance of plea counsel*

After sentencing, "a guilty plea may only be withdrawn if the defendant establishes that such withdrawal is necessary to correct a manifest injustice – ineffective assistance of counsel or an involuntary or unknowingly entered guilty plea." *Green v. State*, 324 Ga. App. 133, 133 (749 SE2d 419) (2013) (citation and

punctuation omitted). "The trial court is the final arbiter of all factual issues raised by the evidence, and its refusal to allow a withdrawal will not be disturbed absent a manifest abuse of discretion." Id. at 133-134. Here, Roberts does not contend that his plea was involuntary. Instead, he asserts a claim of ineffective assistance of plea counsel. Roberts claims that plea counsel was ineffective for failing to file a motion to suppress relating to the search warrant that law enforcement officers used to conduct a cell phone extraction of the cell phone he left in the possession of his wife at the time of his arrest.

> Because [Roberts] based his motion on a claim of ineffective assistance of counsel, the trial court was required to apply the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which asks whether counsel's performance was deficient and, if so, whether this deficiency was prejudicial to the defendant. Although the State generally bears the burden of establishing the validity of a plea on a motion to withdraw, [Roberts] bears the burden in this case of establishing his claim of ineffective assistance of counsel.

*Bailey v. State*, 313 Ga. App. 824, 825 (723 SE2d 55) (2012) (citation and punctuation omitted). ""[W]hen trial counsel's failure to file a motion to suppress is the basis for a claim of ineffective assistance, the defendant must make a strong showing that the

22

damaging evidence would have been suppressed had counsel made the motion." *Hammett v. State*, 288 Ga. App. 255, 256 (2) (652 SE2d 852) (2007). "This court need not address both components if the defendant has made an insufficient showing on one of them." *Brown v. State*, 311 Ga. App. 405, 407 (715 SE2d 802) (2011). If deficiency is established, Roberts is required to establish the reasonable probability that, but for counsel's errors, he would have proceeded to trial rather than enter a guilty plea. *Zayac v. State*, 372 Ga. App. 239, 244 (2) (b) (904 SE2d 57) (2024) (citation omitted). In the context of a claim of ineffective assistance of plea counsel, the Supreme Court of the United States has noted

> [t]he stakes for defendants are high, and many elect to limit risk by forgoing the right to assert their innocence. A defendant who accepts a plea bargain on counsel's advice does not necessarily suffer prejudice when his counsel fails to seek suppression of evidence, even if it would be reversible error for the court to admit that evidence.

*Premo v. Moore*, 562 U.S. 115, 129 (III) (B) (131 S.Ct. 733, 178 LE2d 649) (2011).

At the hearing on the motion to withdraw Roberts' guilty plea, the only witness called to testify was plea counsel. Counsel testified that she did not believe that there were grounds to suppress the search warrant issued in this case.

23

As noted above, while Roberts was incarcerated, his wife decided to search the phone and found sexually explicit photos and videos of their daughter which caused her to contact police. Once police arrived, they assumed control of the phone. Law enforcement eventually sought and received a search warrant signed by a magistrate. Roberts takes issue with how law enforcement came into possession of the phone and with the language used by the magistrate to authorize search of the phone.

Roberts' wife was not an agent of the State when she accessed the phone and discovered the images contained in the phone. The fact that she chose to contact law enforcement and turn over the phone to them is not an action which would be subject to a motion to suppress. *Johnson v. State*, 367 Ga. App. 344, 349-350 (2) (i) (886 SE2d 5) (2023). The search warrant issued by a magistrate found that, after consideration of the affidavit which accompanied the search warrant application, there existed probable cause to believe that within the law enforcement center, a certain cellular device was located which contained different types of media which are in violation of OCGA § 16-11-100 (b) (5). The warrant commanded law enforcement to search the premises for "the property specified" and authorized law enforcement officials to "seize it." Roberts argues that this language only authorized law enforcement officials

24

to seize the phone they already had in their possession, not to search the phone and its contents. The State argues that the search warrant authorized them to search the phone and seize the contents which violated the law – that the magistrate heard evidence that the phone contained images that would support a charge under OCGA § 16-12-100 (b) and the judge authorized law enforcement officers to seize that evidence. Roberts has not made a strong showing that a motion to suppress would have been granted had it been filed. Roberts has failed to show that the search warrant was invalid and, therefore, the trial court did not err in rejecting his motion to withdraw his guilty plea on this ground. *Bullard v. State*, 307 Ga. App. 794, 795 (1) (706 SE2d 154) (2011).

Even if we were to conclude that plea counsel acted deficiently in failing to move to suppress the contents of the phone, Roberts has failed to meet his burden of demonstrating prejudice. *Zayac*, 372 Ga. App. at 244 (2) (b). Roberts did not testify at the hearing on the motion to withdraw his guilty plea. To show prejudice, Roberts "must establish the reasonable probability that, but for counsel's purported errors, he would have proceeded to trial rather than enter a guilty plea." Id. Here, the trial court was presented only with appellate counsel's suggestions, arguments and assumptions

25

that Roberts would not have entered a guilty plea had the motion to suppress been filed and granted. "[T]he State had no opportunity to examine [Roberts] at all. In the absence of any evidence of his mindset, [Roberts] has not proven prejudice because he has provided nothing on which to determine whether there was a reasonable probability, rather than an abstract possibility, that he would have chosen to go to trial." *Zayac*, 372 Ga. App. at 244 (2) (b) (citations omitted). Accordingly, Roberts has failed to demonstrate prejudice which is a prerequisite to being authorized to withdraw his guilty plea under an ineffective assistance of plea counsel analysis. Id. The trial court did not err in denying Robert's motion to withdraw his plea based upon ineffective assistance of plea counsel.

5. We acknowledge that, in reviewing the opinions issued by Georgia's appellate courts, the handling of sentences that can be categorized as partially void can appear to be inconsistent. *Parrott v. State*, 312 Ga. 580, 584 (3) (864 SE2d 80) (2021). We have held that, in some instances, the case must be remanded and the void portion of a particular sentence must be remedied by the trial court; however, the validity of the sentence imposed on the remaining counts are not impacted by the determination that a sentence imposed on a particular count of the indictment was void. *Nazario v. State*,

293 Ga. 480, 492 (3) (d) (746 SE2d 109) (2013) ("we vacate four of Appellant's convictions and sentences for concealing the death of another. His other convictions and sentences are affirmed.") (citations omitted); *Murray v. State*, 314 Ga. App. 240, 241-242 (723 SE2d 531) (2012) (where some sentences were void but other sentences imposed on a multi-count indictment were within the statutory parameters and the trial court imposed separate and distinct sentences for each of the convictions, the defendant is not authorized to withdraw his guilty plea to the counts in which a valid sentence is imposed). Our appellate courts have also held that when some aspect of the sentence imposed is deemed void, that the sentence imposed on all counts should be set aside. *Kaiser v. State*, 275 Ga. App. 684, 686 (2) (621 SE2d 802) (2005); *Clue v. State*, 273 Ga. App. 672, 675 (615 SE2d 800) (2007) (when a defendant enters a negotiated plea and the sentences imposed for some counts were void, the defendant should be entitled to withdraw his plea as to all counts). Given the seeming inconsistency, our Supreme Court has held that, "[i]n neither line of cases, however, have we held that a particular approach was the exclusive approach a trial court must take to appropriately exercise the broad discretion it is generally afforded in resentencing." *Parrott*, 312 Ga. at 584 (3).

We find persuasive the line of cases dealing with merger of offenses, given the facts of this case. In those cases, we have held that when particular counts of the overall indictment are deemed to have merged, the sentences imposed on those particular counts which merged must be vacated but that the remaining counts upon which valid sentences were imposed need not be vacated. *Dukes v. State*, 311 Ga. 561, 572 (4) (858 SE2d 510) (2021); *Murray*, 314 Ga. App. at 241-242; *Troutman v. State*, 348 Ga. App. 375, 377 (823 SE2d 66) (2019) (physical precedent only) (defendant was not entitled to withdraw his guilty plea on three remaining counts after appellate determination that his aggravated assault conviction merged with his armed robbery conviction – only the aggravated assault conviction was vacated); *Diaz v. State*, 279 Ga. App. 134, 135-136 (630 SE2d 618) (2006) (following a guilty plea, trial court's order vacating probated sentence for aggravated child molestation did not void defendant's sentence for rape, and thus did not entitle defendant to withdraw his guilty plea on the rape charge, even where the sentences were imposed at the same time; the trial court imposed separate and distinct sentences for each count of the indictment). The same is true where the trial court fails to sentence the defendant in accordance with OCGA § 17-10-6.2 – only the counts to which the statute applied

28

must be vacated and remanded for resentencing. *Tucker v. State*, 362 Ga. App. 489, 503-504 (5) (a) - (b) (869 SE2d 142) (2022).

The guilty plea in this case was not the product of a negotiated plea agreement. This was an open plea to all counts of the indictment. With these principles in mind, we affirm some of the sentences imposed and vacate others in accordance with this opinion.

The sentence imposed on counts 1 through 4, 7, 8, 11, 12, 19, 20, 21, 22, 23, 26, 28, 30 through 36, 47 and 49 are all valid and we affirm those sentences.

The trial court is directed to vacate the sentences imposed on counts 5 and 6 and Roberts may be sentenced on only one of those counts, showing the other count to have merged with the count upon which sentence is imposed.

Counts 9 and 10 must merge and Roberts may be sentenced for only one of the two counts, showing the other count to have merged with the count upon which sentence is imposed. The same is true for counts 13 and 14; 15 and 16; 17 and 18; 25 and 38; 39 and 40; 37 and 46; and 41 and 48.

Counts 42 through 45 merge and Roberts may be sentenced for only one of those counts, showing the other counts to have merged with the count upon which sentence is imposed.

Count 29 has previously been merged with count 27 with the consent of the parties and we affirm the sentences on those counts.

Under OCGA § 17-10-6.2, the last consecutive sentence, imposed on count 19, contains at least one year on probation as addressed more fully above, thereby satisfying the requirements of OCGA § 17-10-6.2 (b).

*Judgment affirmed in part, vacated and remanded in part. Doyle, P. J., and Markle, J., concur.*